In the Matter of Ulyssus George WADE, Joyce Wade, and U.G. Wade Trucking, Inc., Debtors–Appellants.

Nos. 91–2537, 91–2538.

United States Court of Appeals, Seventh Circuit.

Submitted May 19, 1992.

Decided June 30, 1992.

Rehearing and Rehearing In Banc Denied July 28, 1992.

Jeffrey L. Hunter, Asst. U.S. Atty., Office of the U.S. Atty., Indianapolis, Ind., for appellees.

Mark Garringer, Indianapolis, Ind., for debtors-appellants.

Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Ulyssus George Wade and Joyce Wade ("the Wades") appeal two district court decisions granting summary judgment to the defendants and dismissing claims regarding the Wades' Freedom of Information Act ("FOIA") request. We affirm the district court decisions.

## I. FACTS

The Wades are involved in personal and business bankruptcy proceedings. The Wades' affairs were turned over to bankruptcy trustee Edward B. Hopper, II. Hopper later left the case, and alleged that the Wades concealed assets; concealed and mutilated financial affairs documents; and committed perjury during the course of the bankruptcy proceedings. In response, the Wades accused Hopper of looting the estate. These allegations relating to the core estate are the subject of a different appeal we address in another case. *See In re Wade*, No. 91–2536. We note that in each case, the appellants have sprinkled liberally their complaints with allegations of fraud, judicial bias,[1] and wrongdoing by everybody involved (but themselves, of course).

At any rate, the Wades filed a FOIA request with the United States Attorney for the Southern District of Indiana seeking records that relate to the Wades, apparently in conjunction with Hopper's allegations. The Wades specifically excluded

---

**1.** We note that the appellants accused the district court judge of misdeeds in their Rule 60(b) motion in the district court, as well as in their brief in this court. However, they did nothing to support their claim. Taking judicial state-

ments out of context and arguing them as evidence of baseless allegations is completely improper. Allegations of judicial bias are very serious and should never be cast without substantiation.

public records from their request. The FOIA request was forwarded to the Executive Office of the United States Attorneys ("EOUSA"). The request was fulfilled only in part, as several documents were withheld or redacted pursuant to statute. An unspecified number of pages were withheld pursuant to 5 U.S.C. § 552(b)(3) and Fed.R.Crim.P. 6(e) (secrecy of grand jury proceedings); an FBI agent's name was redacted pursuant to § 552(b)(7)(C)[2] (personal privacy); a letter was withheld pursuant to § 552(b)(6) (personnel, medical, or similar files), § 552(b)(7)(D) (compiled by a law enforcement agency in the course of a criminal investigation), and § 552(b)(7)(C); a different letter was withheld pursuant to § 552(b)(5) (*inter* or *intra* agency memoranda, attorney work product), § 552(b)(6), (b)(7)(C), and (b)(7)(D); and finally a 12-page letter from the Internal Revenue Service to the Assistant United States Attorney who scrawled his own notes upon it was also withheld pursuant to § 552(b)(5). The remaining withheld documents were referred to the FBI for recommendation regarding their release.

The Wades sought relief from the district court for the denial of their FOIA request. A review of the docket sheet reveals a dizzying number of motions filed, given the subject matter, by both parties—but particularly by the Wades.[3] Ultimately, the district court granted summary judgment for the United States Attorney on all but the documents withheld pursuant to the grand jury exception. The plaintiffs sought relief from this decision and were denied it. In the same order denying the Wades relief, the court entertained the United States Attorney's motion to reconsider and granted him summary judgment on the grand jury issue as well. Judgment was entered accordingly.

 The Wades raise the following issues on appeal 91–2537: 1) whether the district court erred by granting summary judgment on defendants' behalf, and 2) whether the district court abused its discretion by denying plaintiffs' motion to reconsider. They raise other questions on appeal, all that are subsumed by these two issues.[4] Also, appellants raise a host of bad faith issues which we dispose of during our discussions of the other issues.[5]

We consider also a second appeal, No. 91–2538, consolidated due to the similarities between the issues. This case involves a FOIA request the Wades filed with the Executive Office of the United States Trustee ("EOUST"). The request was for all correspondence produced from Hopper to the EOUST, as referred to in a letter from Hopper to the EOUST responding to the Wades' allegations of Hopper's improper dealings with the estate. The specific reference was "I [Edward Hopper, II] have enclosed copies of all correspondence reflected in the file between our office, as counsel for the Trustee, and third parties." The EOUST answered the Wades' request with a letter from John Logan, general counsel for the EOUST. The letter stated that a search of the records did not unearth any information relating to the particular correspondence in which the Wades were interested. The Wades assert that this is untrue and the information is being withheld wrongfully. They base this assertion on a telephone conversation with an EOUST official who allegedly indicated the documents were readily available.

2. All statutory references are to Title 5 of the United States Code unless otherwise indicated.

3. Among the motions was appellants' motion to join the FBI Records Management Division as a party in the lawsuit. The district court denied this motion because the Wades were seeking the same information from the United States Attorney, therefore determining that full relief could be granted without joining the FBI.

4. Although the court denied appellants' motion for *in camera* inspection, they do not appeal

that decision. Thus, they have forfeited that argument and we will not discuss whether that denial was an abuse of discretion (we do not suggest that it was). *See Silets v. United States Dept. of Justice,* 945 F.2d 227 (7th Cir.1991) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 2991, 120 L.Ed.2d 868.

5. Appellants raise genuine issues of material fact regarding deadlines to submit their certificate-of-identity forms allowing their FOIA request to proceed. Because the request was processed, this issue is immaterial to this appeal and moot.

While the case was pending, the Wades prepared a second FOIA request directed to the EOUST. This request asked for information to which the EOUST had made reference in a 1986 letter to the Wades. The EOUST request was denied, and the Wades moved for leave to file a supplemental complaint to include this FOIA request in the lawsuit more than a year after the original complaint had been filed. The court denied the motion because of an earlier amendment to the complaint which the Wades were allowed to make, and in consideration of the Wades' statement that the second FOIA request "is not in any way connected with or subjected to the pending federal court case."

We have logically pared the issues that the Wades raise on appeal 91–2538 to questions of whether the district court erred when 1) granting the United States Trustee's motion to dismiss, and 2) denying the Wades' motion for leave to file the supplemental complaint.

## II. ANALYSIS

### A. No. 91–2537

■ The Wades ask us to reverse the district court's grant of summary judgment for the United States Attorney's office. Summary judgment is appropriate when no genuine issue of material fact exists, and the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Because this is a legal question, our review is *de novo.* All inferences are taken in the light most favorable to the nonmoving party. *Id.; Lister v. Stark*, 942 F.2d 1183, 1187 (7th Cir.1991). Defeating summary judgment requires more than just a swearing match. Rather, the nonmoving party must present some evidence that a genuine issue of material fact exists. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992).

■ The appellants' pleadings are not specific regarding whether some or all of the withholding decisions are being challenged. Although they do not argue the application of the exemptions, their "State-

ment of Issues" raised the following questions, *inter alia,* "Whether the district court's findings in its Entry and Order of May 30th, 1991, are contrary to the evidence?"; "Whether the district court erred by granting the Government's motion for summary judgment?"; "Whether the district court abused its discretion in the Entry and Order of May 30th, 1991, by denying plaintiffs' motion for relief from summary judgment?". The May 30, 1991 order made new findings and cited to previous findings about the exemptions. We consider the appellants' questions as objections to the withholding decisions in the May 30, 1991 order. *See Weisberg v. United States Dept. of Justice*, 745 F.2d 1476, 1490 n. 24 (D.C.Cir.1984). Also, review of denial of the Rule 60(b) motion and the awarding of summary judgment calls for an individual examination of the withholding exemptions. Although the appellants' arguments are severely lacking, and the rule of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), does not apply, we construe the appeal liberally and address the exemptions to settle this dispute and diminish the chances of a similar dispute occurring. *Cf. Spannaus v. United States Dept. of Justice*, 824 F.2d 52, 56 n. 2 (D.C.Cir.1987).

■ Freedom of Information Act requests, made pursuant to § 552, allow public access to official information shielded from public view. The rule, however, is riddled with exceptions. Among them are those invoked by the United States Attorney in this situation:

(b) This section does not apply to matters that are—

. . . . .

(3) specifically exempted from disclosure by statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

. . . . .

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation ... confidential information furnished only by the confidential source.

The exceptions are to be narrowly construed to further the government's broad disclosure policy. *Miller v. Bell*, 661 F.2d 623, 626 (7th Cir.1981).

■ The EOUSA invoked exemption (b)(3) and cited Fed.R.Crim.P. 6(e) to withhold documents that would disclose grand jury proceedings upon which part of the FOIA request rested. *In Re Special September 1978 Grand Jury*, 640 F.2d 49, 56 (7th Cir.1980), distinguished the need for denying disclosure of grand jury documents. We stated that when the grand jury generates investigatory documents, releasing that information would discourage grand jurors from participating in investigation, full discussion, and conscientious voting. Although the interest in secrecy is greatest during the time the grand jury is conducting its investigation, the need for secrecy does not end with the investigation. *Id.* at 49.

■ Government affidavits stating reasons for withholding documents will be sufficient to sustain claims of document exemption. *Miller*, 661 F.2d at 627; *Scherer v. Kelley*, 584 F.2d 170, 176 (7th Cir.1978). The Assistant United States Attorneys who were familiar with the requested material submitted affidavits stating their reasons for withholding. The documents consisted of transcripts of witnesses' testimony before the grand jury and portions of a 79-page FBI report of a witness interview conducted as part of the grand jury investigation. Documents generated from a grand jury investigation, as well as testimony before the grand jury, are exactly the documents protected by this exception. *Silets v. United States Dept. of Justice*, 945 F.2d 227, 230 (7th Cir.1991) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 2991, 120 L.Ed.2d 868. Although the Wades have stated that the United States Attorney has wrongfully withheld the documents, they offer no evidence to support their allegations. "[S]elf-serving assertions of government wrongdoing and cover-up do not rise to the level justifying disclosure." *Id., citing Kimberlin v. Department of Treasury*, 774 F.2d 204 (7th Cir. 1985). Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned. *Silets*, 945 F.2d at 231 (discussing when submissions should be questioned during allegations of bad faith to invoke *in camera* review). We find the allegations of bad faith spurious.

■ The United States Attorney invoked exemption (b)(7)(C) when redacting the name of an FBI agent from a disclosed document. We have stated that FBI agents' privacy interests are serious and substantial. Disclosure conceivably could result in annoyance and harassment of the agents by the requesting party. *Stein v. Department of Justice and FBI*, 662 F.2d 1245, 1260 (7th Cir.1981). Without a showing of substantial public interest for disclosure, the exemption is proper. *Miller*, 661 F.2d at 630. The appellants have offered no substantial public interest to outweigh the privacy concerns. Hence, unless the redactions hamper unnecessarily the understanding of the document, which they do not, the exemption will be upheld.

■ Another exemption was invoked under (b)(6) to withhold a letter to the Assistant United States Attorney. Exemption (b)(6) prevents clearly unwarranted invasions of personal privacy committed by

disclosing private documents. A modest disclosure would be "clearly unwarranted" if no reason exists warranting its dissemination. *United States Dept. of Air Force v. Federal Labor Relations Authority,* 838 F.2d 229, 232 (7th Cir.1988). The EOUSA submitted an affidavit [6] listing reasons why the document should not be disclosed. In contrast, the Wades offered no reason why it should. Thus no genuine issue of material fact exists on this question. The Supreme Court stated in *Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) that an individual's right to privacy should be balanced against the public's right to know. *Id.,* 425 U.S. at 372, 96 S.Ct. at 1604. Although exemption (b)(6) offers less protection than (b)(7)(C), *Miller,* 661 F.2d at 629 n. 4, the scale tips in support of withholding because no public right was asserted, and the appellees were entitled to summary judgment as a matter of law.

Section (b)(5) was invoked to withhold a letter and twelve pages of attorney work-product because it was an *inter* or *intra* agency memorandum. The purpose of this exemption is to protect the deliberative process of government officials. *Wolfe v. Department of Health and Human Services,* 839 F.2d 768, 773 (D.C.Cir.1988) (en banc). This exemption is narrowly construed, protecting those documents that are predecisional (to avoid chilling discussion), but not exempting documents explaining an agency's final decision. *Id.* When crafting exemption (b)(5), Congress specifically intended to protect a government attorney's memoranda prepared in contemplation of litigation setting forth theories of the case and litigation strategies. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975). Again, the government has offered evidence of the need to withhold the documents. Again, the Wades have failed to offer anything other than their unsubstantiated allegations to the contrary. Thus the government's withholding of documents exempted pursuant to (b)(5) is upheld.

Appellants filed a Fed.R.Civ.P. 60(b) motion in the trial court asking for relief from the summary judgment decision. The court denied this motion, stating that the decision was not a final judgment for purposes of Rule 60(b), and therefore premature. The district court added that the "tired claims of fraud" argued as reason for relief were not new evidence and did not present exceptional circumstances warranting relief.

If more than one claim is presented in a lawsuit, a court may enter final judgment as to fewer than all of the claims if the court determines that no just reason for delay exists. Fed.R.Civ.P. 54(b). That determination must be expressly stated by the court or the decision will be subject to revision until another decision adjudicating all the claims, rights, and liabilities of the parties has been made. *Id.* Therefore, without 54(b) certification, an order will not be final unless it ends the litigation and leaves nothing to be decided in the district court. *United States v. Ettrick Wood Products, Inc.,* 916 F.2d 1211, 1216 (7th Cir.1990). Here, not only did the district court not make the necessary findings, it made no mention of Rule 54(b), and in a later order specifically stated that the summary judgment order was not a final order. Therefore, denial of the motion was appropriate because the order at issue was not final.

The appellants also argue (but do not include in their "Statement of Issues") that the district court erred by denying their motion to join as a party the FBI Records Management Division pursuant to Fed.R.Civ.P. 19. The appellants sought to invoke Rule 19 joinder because "in the person's absence complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1). They argue that the documents referred to the FBI for disclosure advice will not be reached by the existing action. They are incorrect. Once a FOIA request has been made to an agency, that agency's referral to a different agency regarding disclosure does not divest the origi-

---

**6.** Affidavit of Virginia L. Wright, dated October 6, 1989.

nal agency of responsibility to respond to the FOIA request. "All records in an agency's possession, whether created by the agency itself or by other bodies covered by the [Freedom of Information] Act, constitute 'agency records.'" *McGehee v. CIA*, 697 F.2d 1095, 1109 (D.C.Cir.1983). The United States Attorney is obligated to produce nonexempted documents pursuant to the Act. The agency cannot avoid the request or withhold the documents by referring them back to the agency where they originated. *Id.* at 1110.[7]

■ The Wades are also unsuccessful in their challenge to the district court order denying leave to amend and supplement the complaint. The "amend and supplement" motion was based on the desire to include the FBI in the lawsuit. Leave to amend should be given freely when justice requires. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). We will overturn a denial of leave to amend and supplement only if the district court abused its discretion. *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir.1990). The appellants' FOIA submission to the FBI shares many of the same document requests as the FOIA submission to the United States Attorney. To the extent the requests are the same, amendment is unnecessary. To the extent the requests are different, they may be pursued in a separate FOIA appeal if the need should so arise. Denial of leave to amend and supplement was within the district court's discretion.

We hold that the record as a whole could not lead a rational trier of fact to find for the nonmoving party, that no genuine issue of material fact exists as to any of the Wades' claims, and that appellees are entitled to summary judgment as a matter of law. *Juarez v. Ameritech Mobile Com-*

*munications, Inc.*, 957 F.2d 317 (7th Cir. 1992).

**B. No. 91-2538**

■ The second appeal is from a dismissal by the district court of the Wades' action against the EOUST. A motion to dismiss involves a question of law. Thus our review is *de novo*. *See Ross v. Creighton*, 957 F.2d 410 (7th Cir.1992). The district court noted that the government's argument was based on mootness of the Wades' claim. Although the court did not specifically state mootness as the reason for dismissal, it was apparently the ground for the decision. In FOIA cases, mootness occurs when requested documents have already been produced. *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir.1984). Production of the documents nullifies the legally cognizable interest the requesting party possesses in the outcome of the lawsuit. Only if the case is capable of repetition yet evading review will production fail to moot the case. *Chilivis v. SEC*, 673 F.2d 1205, 1209-10 (11th Cir. 1982). In the Wades' situation, the question raised is whether documents have been withheld wrongfully, an argument they seek to support with what is purported to be conflicting information from the EOUST. This is a different situation than that where documents have already been produced as a result of the FOIA request. Therefore, the case is not moot.

■ The Freedom of Information Act states that the district court may "enjoin the agency from withholding agency records and [ ] order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The Wades are asserting that the documents exist and are readily available to the EOUST for disclosure. However, the EOUST denies their existence.[8] The

---

**7.** The appellants also seem to raise issues regarding FOIA time limits. However, these arguments are not cogent. Therefore we do not address them.

**8.** The Wades appear to contradict themselves at times. At one point they stated that the issue was not whether the EOUST received documents from Hopper, or even whether the doc-

uments existed. Rather, they believe the issue is whether the EOUST purged itself of the documents. (Plaintiffs' Response to Renewed Motion to Dismiss). Besides contradicting their argument, this statement is internally contradictory, since purging assumes both the documents' existence and possession by the EOUST. As with most of the appellants' arguments, this

Wades' assertions present a form of improper withholding.

The Wades argue that the district court erred when considering evidence outside the pleading in granting the motion to dismiss. Such consideration converts the motion to one for summary judgment, but without proper notice and an opportunity to respond. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *see Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972).[9]

The district court is confined to the pleadings when considering a motion to dismiss. Because the court went beyond the complaint, dismissal without proper conversion or alternatively, failure to exclude the outside material during the decision-making process, constitutes error.[10] However, dismissal was otherwise appropriate because the standards for a Rule 12(b)(6) dismissal are met without examination of the extrinsic documentation. *R.J.R. Services, Inc. v. Aetna Casualty and Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989).[11]

The Wades filed an amended complaint, attaching the Logan letter which stated that the EOUST found no documents responsive to their requests. A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment. *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992). The Logan letter, discussed in paragraph 4 of the amended complaint, directly contradicts the alleged statements by a different EOUST official that are alleged in paragraph 3. The Wades allege that the Logan letter is evidence of a coverup, not support for the government's claim of a satisfaction of the FOIA search. The district court characterized these allegations as "fueled by innuendo, speculation, and are wholly unsupported by the record."

We agree that the allegations are baseless. A "transcript" of the EOUST official's alleged statements was provided to the court in the response to the original motion to dismiss, and incorporated by reference in the response to the renewed motion to dismiss. Our consideration of these statements is proper because pleadings incorporated by reference may be relied upon by the district court. Fed.R.Civ.P. 10(c); *Macklin v. Butler*, 553 F.2d 525 (7th Cir. 1977).[12] Contrary to the Wades' assertion,

statement is completely off mark because if the documents do not exist, or the EOUST never received the documents, then no claims against the EOUST exist.

9. The Wades argue alternatively that if we find that no extrinsic evidence was considered, the court erred anyway by not converting the motion to dismiss into a motion for summary judgment. Nothing requires the district court to convert a dismissal motion in this manner.

10. When conversion should have, but did not, take place, the district court will not be reversed if nothing else could have been submitted that would alter a finding of summary judgment. *Beam*, 838 F.2d at 245 n. 2. Because we are able to reach a decision on alternative grounds, we are not required to rely on this finding.

11. In the summary judgment posture that the Wades urge, the question is whether the agency conducted a search reasonably calculated to uncover all relevant documents in response to the FOIA request. *Weisberg v. United States Dept. of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984). The issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate. *Id.* Therefore, the appellees' statements about the issue

being one of "purging" is equally inappropriate in a summary judgment situation. Further analysis under summary judgment is also unavailing. The adequacy of the document search is judged under a reasonableness standard. The agency may rely on reasonably detailed nonconclusory affidavits submitted in good faith to support their claims of compliance. *Id.* The appellants state that the appellees are not disclosing their withholding documents relevant to their request. They offer no support for this proposition other than speculation. The very documents improperly considered in the district court could now be used to refute the appellants' assertions that the EOUST official possessed the requested documents. That assertion was the only one made by the appellants. In the face of government affidavits made in good faith, speculation would not defeat the summary judgment motion on this issue.

12. Even if this incorporation is too tenuous, the document is properly considered because the Wades implicitly incorporate it by relying on the statements as the basis of the lawsuit. Additionally, the Wades brought the document before the court and asked the court to review it, obviously relying on that exposure when drafting and filing the amended complaint.

the statements do not infer, much less explicitly state, that the official possessed the requested documents later claimed not found in a search. We must accept as true all well-pleaded factual allegations and inferences that may be reasonably drawn from them. *R.J.R. Services*, 895 F.2d at 280. The record reflects that the inferences the Wades ask us to draw are not reasonably inferred from the alleged facts. "[W]e are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* at 281. Thus, we determine that from the complaint and its corresponding attachments that dismissal was appropriate as a matter of law.

■ Last, the Wades challenge the district court's denial of their motion to file a supplemental complaint. While this proceeding against the EOUST was taking place, the Wades filed a second request for information from the EOUST. Nearly all of the request was denied. The Wades then appealed the decision to the United States Attorney General, who did not respond. They then sought relief in the district court by trying to file the supplemental complaint at issue here. The Wades again plead themselves right out of court. In the "second request" the appellees stated "This is to serve notice to the EOUST that this SECOND REQUEST FOR INFORMATION is *not* in any way connected with or subjected to the pending federal court case." (emphasis in original).

Fed.R.Civ.P. 15(d) allows a court broad discretion when determining whether supplemental pleadings may be filed in a lawsuit. The district judge here exercised his discretion to exclude an extraneous matter to be included in already omnifarious litigation. This was not an abuse of discretion. *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1338 (7th Cir.1985).

## CONCLUSION

For the foregoing reasons, the decision of appeal number 91–2537 is AFFIRMED.

The decision of appeal number 91–2538 is AFFIRMED on other grounds.