57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael BRASLAVSKY, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant-Appellee.
 No. 94-2609.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Appellant Michael Braslavsky sought information in his file from the Federal Bureau of Investigation ("FBI") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552. The FBI ultimately located 52 pages of relevant material, but only disclosed 44 pages,[1] many heavily redacted. Appellant then brought this action. The district court concluded the unproduced materials were exempt from disclosure and granted summary judgment[2] to the FBI. We affirm.
 
 Analysis
 
 2
 Appellant raises only one issue on appeal: whether it was improper for the district court to base its decision on FBI affidavits rather than reviewing the disputed material in camera.
 
 
 3
 In FOIA cases, this court reviews the district court's determination that documents are exempt from disclosure by first considering whether the district court had an adequate factual basis for its decision; if so, the decision is reviewed for clear error. Becker v. IRS, 34 F.3d 398, 402 (7th Cir.1994). A district court's decision not to conduct an in camera review is evaluated for abuse of discretion. Silets v. United States Dept. of Justice, 945 F.2d 227, 229 (7th Cir.1991), cert. denied, 112 S.Ct. 2991 (1992).
 
 
 4
 It is entirely appropriate for a district court to rely on government affidavits rather than an in camera examination of the disputed materials, if:
 
 
 5
 1. the government affidavit adequately describes the documents and justifications for nondisclosure;
 
 
 6
 2. the information outlined falls logically within the claimed exemptions;
 
 
 7
 3. the affidavits are not controverted by contrary evidence in the record or evidence of bad faith.
 
 
 8
 Silets, 945 F.2d at 229. See also Matter of Wade, 969 F.2d 241, 246 (7th Cir.1992).
 
 
 9
 Appellant has not alleged bad faith on the part of the FBI, nor questioned the applicability of the exemptions, nor challenged the sufficiency of the FBI's showing, nor asserted that additional segregable material exists, nor pointed to any contrary evidence in the record. A review of the record indicates no such challenges could stand. As found by the district court, the FBI's affidavits adequately establish the withheld material was properly exempt from disclosure.
 
 
 10
 The FBI stated each piece of withheld information was exempt from disclosure under one of the two bases: 1) as specifically authorized by Executive Order 12356 to be kept secret in the interest of national defense or foreign policy (5 U.S.C. Sec. 552(b)(1)); or 2) as information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy (5 U.S.C. Sec. 552(b)(7)(C)). The information in the latter category consisted of the names and initials of the FBI personnel and the name of a third party mentioned in the material.
 
 
 11
 If there is no evidence of bad faith, "the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned." Wade 969 F.2d at 246. Redacting the names of government personnel is entirely appropriate, absent a significant public interest in the information, as disclosing them would constitute an unwarranted invasion of privacy. See Becker, 34 F.3d at 403-405; United States Dept. of Navy v. Federal Labor Relations Authority, 975 F.2d 348, 353-355 (7th Cir.1992); Wade, 969 F.2d at 246. Redaction is similarly appropriate regarding references to third parties. Silets, 945 F.2d at 229-230. As to the intelligence material, unchallenged declarations of government officers that the undisclosed information satisfies the procedural and substantive requirements of Executive Order 12356 and could be expected to cause damage to national security justifies withholding the information. See Bowers v. United States Dept. of Justice, 930 F.2d 350, 355-358 (4th Cir.1991), cert. denied, 112 S.Ct. 308 (1991).[3] Cf. Stein v. United States Dept. of Justice, 662 F.2d 1245 (7th Cir.1981).
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 The FBI disclosed 23 pages per their June 24, 1991 letter, and 21 newly declassified pages subsequent to the start of litigation
 
 
 [2]
 Appellant's presentation before the district court was spartan. Appellant sought no discovery and only responded to the FBI's motion for summary judgment with an affidavit stating appellant received only one of the available fifty-two pages of file information. Appellant's affidavit was contradicted by the exhibits he attached--twenty-three pages of file material
 
 
 [3]
 In matters of national security, the courts should accord substantial weight to the expertise of the intelligence agencies. Bower, 930 F.2d at 357. Absent questions of credibility or good faith, determinations regarding what information may be safely disclosed is best left to the experts. Id