_____

No. 95-2386
_____

Jack Urban,                           *
                                      *
          Appellant,                  *
                                      * Appeal from the United States
     v.                               * District Court for the
                                      *  District of South Dakota.
United States of America;             *
Kansas Bureau of Investigation, *
                                      *
          Appellees.                  *
                        _____

               Submitted: October 6, 1995

                  Filed: December 27, 1995
                        _____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                        _____

LOKEN, Circuit Judge.


     South Dakota inmate Jack Urban appeals the district court's dismissal
of his action to enforce a Freedom of Information Act (FOIA) request.  The
court dismissed Urban's complaint, prior to service, because "[n]onexistent
records are impossible to produce."  At least some of the requested
materials almost certainly exist -- the question is whether they are in the
possession or control of the United States Department of Justice.  Because
the government has not met its burden to demonstrate that it has complied
with the statute, see Miller v. United States Dep't of State, 779 F.2d
1378, 1382-83 (8th Cir. 1985), we reverse.


     Urban took a polygraph test in February 1994 as part of a plea
agreement with the United States Attorney for the District of Kansas.  The
Kansas Bureau of Investigation (KBI) administered the

test and reported to the U.S. Attorney that the test results indicated truthful cooperation with the government.  In July 1994, Urban informally asked KBI for information and documents relating to the test results.  KBI forwarded Urban's request to the U.S. Attorney, who wrote Urban's attorney advising "[t]he materials he requested will not be forthcoming."

Urban then sent a FOIA letter to the U.S. Attorney requesting "the results of my polygraph test" and "the polygrapher's resume."  The U.S. Attorney did not answer this or a follow-up letter but instead forwarded the FOIA request to the Executive Office for the United States Attorneys. That Office responded to Urban that a search of the U.S. Attorney's office "has revealed no records."  The Department of Justice Office of Information and Privacy rejected Urban's subsequent appeal on the ground that "appeals can only be taken from denials of access to records which exist and can be located in Department of Justice files."  Acting pro se, Urban then commenced this action under FOIA, 5 U.S.C. §§ 552 et seq., which the district court dismissed as moot, without requiring service on the government.

"In FOIA cases, mootness occurs when requested documents have already been produced."  In re Wade, 969 F.2d 241, 248 (7th Cir. 1992).  That has not occurred in this case.  Instead, the government claims it cannot locate the requested documents.  FOIA obligates the government to produce documents within its "possession or control."  Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150-51 (1980).  When a government agency claims that it does not possess or control a requested document, the agency must show it fully discharged its statutory obligations by "conduct[ing] a search reasonably calculated to uncover all relevant documents."  Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983), followed in Miller, 779 F.2d at 1382.  Thus, when the question is whether a requested document exists, or is outside the government's

possession or control, an FOIA action is not moot, and dismissal prior to service will almost never be appropriate.

In this case, the actions of KBI strongly suggest that one or more requested documents exist and are within the possession or control of the U.S. Attorney for the District of Kansas. In response to our order to show cause, the responsible Assistant U.S. Attorney submitted an affidavit stating that he "did not produce the requested documentation because it did not exist in the files of the United States Attorney's office." That is an inadequate answer. Urban has now spent nearly eighteen months seeking a copy of seemingly innocuous test results. His early requests got no response or a cryptic brush off. He has never been told why he is not entitled to the documents. And his attempt to invoke FOIA, a statute intended to foster greater access to government records, has instead fostered more paper shuffling and lame excuses.

There may be a legitimate reason why Urban is not entitled to the materials he requests, but none appears in this record. Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion, including, if necessary, an evidentiary hearing at which the responsible Assistant U.S. Attorney can testify as to whether the Department of Justice has possession or control of one or more of the requested documents.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.