Joseph V. NASH, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE

and

Federal Bureau of Prisons, Defendants.

Civil Action No. 95–924 SSH.

United States District Court, District of Columbia.

Jan. 28, 1998.

**448**

Frederick David Foster, Ablondi, Foster, Sobin & Davidow, Washington, DC, for Plaintiff.

Elizabeth Ross Withnell, U.S. Dept. of Justice, Washington, DC, for Defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Plaintiff commenced this action on May 16, 1995, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, seeking access to certain records maintained by defendant Federal Bureau of Prisons (BoP) pertaining to his Central Inmate Monitoring System Separation Order. Thereafter, on July 14, 1995, a Joint Statement of the Parties Pursuant to Local Rule 206(d) was filed. The Court was advised that a possibility of settlement existed and that, in any event, the case could be disposed of on summary judgment. A briefing schedule was agreed on, which was formalized by an Order of the Court dated July 19, 1995. Two subsequent joint motions for enlargement of time were granted by the Court on August 22, 1995, and on September 19, 1995. The case remained stayed until a December 17, 1996, Order set a new briefing schedule; that Order was issued in response to a December 10, 1996, letter from plaintiff asking that the Court lift the stay because settlement negotiations had been terminated.

In response, defendants filed a January 9, 1997, "Report to the Court" ("Defendants' Report"), in which they stated that "of the sixteen pages responsive to plaintiff's [FOIA] request, all sixteen have been released, with scant excisions taken only to protect the social security numbers of third parties mentioned on the records initially released to plaintiff." Defs.' Report at 3. The Report also stated:

[T]he only remaining issue appears to be plaintiff's contention that he is entitled to attorneys fees—as evidenced by his statement that he will agree to disposition of this lawsuit only if defendants are "willing to sign an affidavit that there [are] no other relevant documents in their files concerning the lifting of the Separation Order affecting Mr. Nash, and, the payment of legal fees as provided by statute." While defendants have been, and remain, readily willing to execute an affidavit stipulating to the number of responsive pages located, they cannot agree to plaintiff's demand that he also receive payment of his claimed attorneys fees.

*Id.* at 3–4 (internal citation omitted and underlining omitted). Defendants thus contended that there was no basis for the filing of a dispositive motion and requested that the Court schedule a status conference. *Id.* at 4–5. In sharp contrast, plaintiff argued that defendants refused to provide a statement that all responsive documents had been provided. *See* Letter from Eric Mendelsohn, plaintiff's counsel, to the Court (Jan. 10, 1997). Plaintiff opposed the scheduling of a status call and urged adherence to the briefing schedule established in the Court's December 17, 1996, Scheduling Order. The Court thus became aware of the unacceptable impasse between opposing counsel, and of the likelihood that attorney's fees represent the sole remaining problem in this dispute.

By a March 3, 1997, Memorandum Order, the Court established a schedule by which the parties would advise the Court of "what they understand plaintiff to have requested, what has been provided, what has been withheld, and why." The Memorandum Order also required plaintiff to "show cause why the case should not be dismissed as moot and/or for noncompliance with Rule 11 of the Federal Rules of Civil Procedure."

This matter is now before the Court on defendants' statement as to what remains at issue, plaintiff's opposition thereto, and defendants' reply. Upon careful consideration of the entire record, the Court *sua sponte* dismisses this action as moot and for noncompliance with Rule 11.

The instant submissions demonstrate to the Court that the status of this case has not changed since defendants' January 9, 1997, submission to the Court, which stated that plaintiff had received all information located in response to his request, with three excisions taken to protect social security numbers of third parties. *See also* Defendants' Statement As To What Remains At Issue ("Defendants' Statement") (Paetzke Decl. and attached *Vaughn* Index). The social security numbers were redacted pursuant to Exemption 7(C) of the FOIA. *See* 5 U.S.C. § 552(b)(7)(C). Plaintiff concedes that all responsive documents have been released by the BoP, and does not seek the withheld social security numbers. *See* Plaintiff's Submission In Accordance With The Order Of March 3, 1997 ("Plaintiff's Opposition") at 4. As the only remaining issue in this case is the attorney's fees issue, the parties should have conferred, as defendants had requested in their January 9, 1997, report to the Court, to discuss its resolution. Plaintiff has needlessly prolonged this litigation.

Plaintiff, however, contends that two issues remain in this action: (1) a separate FOIA matter involving a request to the Executive Office for United States Attorneys ("EOUSA"), and (2) the issue of attorney's fees.

■ As for the first asserted issue, in the Court's March 3, 1997, Memorandum Order, the Court observed that the EOUSA issue "appear[s] to have no relevance to [the instant action]." Mem. Order at 4.[1] Plaintiff contends that the BoP should have directed his request to the EOUSA, Pl.'s Opp'n at 4–7, and, for support, cites § 16.4(i) of the Department of Justice's regulations. This section, which is captioned "[p]rocessing of requests for access not properly addressed," requires the Justice Management Division to route misaddressed requests to the "appropriate component or components for process-

ing." 28 C.F.R. § 16.4(i). This provision, however, does not apply to plaintiff's request, which was addressed to the BoP and which specifically sought only BoP records concerning the Central Inmate Monitoring Order. *See* Defs.' Statement (Paetzke Decl. ¶¶ 2, 4 and Attach. 4). Department of Justice regulation 16.41 states that "[a]n individual may request access to a record about him by appearing in person or writing to the component that maintains that record." 28 C.F.R. § 16.41(a). These regulations do not require the BoP to do anything other than search for and process the specific BoP records that were requested. *See Church of Scientology v. Internal Revenue Serv.*, 792 F.2d 146, 150 (D.C.Cir.1986) (establishing that it is requester's obligation to make FOIA request to agency component that he believes possesses responsive material). The fact that some EOUSA information was located in BoP files when the BoP conducted its search for records maintained by the BoP does not require the EOUSA to conduct a separate search of its own files, absent receipt of a FOIA request submitted to the EOUSA.[2]

■ Moreover, the Court denies plaintiff's request to amend his complaint to include the EOUSA request. Plaintiff's request for EOUSA documents is different from the request that sparked the instant action, which seeks documents from the BoP's files.[3] Different requests must be pursued in separate FOIA actions. *In the Matter of Wade*, 969 F.2d 241, 248 (7th Cir.1992).

■ Plaintiff's request for attorney's fees also lacks merit. In order to qualify for an award of attorney's fees under the FOIA, a plaintiff must (1) have "substantially prevailed," 5 U.S.C. § 552(a)(4)(E), and (2) be entitled to such an award based on a balancing of equitable factors. *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C.Cir.1995). The first element is met when a plaintiff proves that prosecution of the suit was reasonably neces-

---

1. The Court observes that that request also appears to be baseless, as the full extent of the EOUSA's involvement in this action was limited to a consultation with the BoP regarding the release of names of that office's personnel in six of the pages that were released to plaintiff. *See* Defendants' Statement at 4 and Paetzke Decl. ¶ 11.

2. Plaintiff did not submit a FOIA request to the EOUSA until after the filing of this lawsuit.

3. By his letter dated April 12, 1994, addressed to the BoP, plaintiff sought records "concerning the Central Inmate Monitoring order ... in the possession of the Bureau of Prisons." Defs.' Statement (Paetzke Decl. ¶¶ 2, 4 & Attach. 4).

sary to obtain the requested records and that a causal nexus existed between the suit and the agency's disclosure of the records. *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir.1993). The mere release of documents during the pendency of litigation does not necessarily prove causation. *Id.* at 568. Here, plaintiff received additional information after the filing of this lawsuit because it was only then that plaintiff submitted the privacy waiver of Daniel Nash. Defs.' Statement (Paetzke Decl. ¶¶ 6,10 and Attach. 10). As for the second element, plaintiff does not make any attempt to satisfy any of the equitable factors. Accordingly, an award of attorney's fees would be inappropriate.

■ Finally, even were the instant action not moot, the Court would nonetheless dismiss it as a sanction pursuant to Federal Rule of Civil Procedure 11(c)(2). As mentioned above, and pursuant to Rule 11(c)(1)(B), the Court's March 3, 1997, Memorandum Order required plaintiff to show cause why the case should not be dismissed for noncompliance with Rule 11. *See* Mem. Order at 5. Plaintiff has made no such showing. Plaintiff's blanket statement in his submission to the Court that "[d]uring this entire process, all positions taken and papers submitted by plaintiff complied fully with Rule 11," does not satisfy the Court's show cause order. Plaintiff's continuing violation of Rule 11(b)(1) is well-documented in the record and in this Memorandum Order.[4] *See* Rule 11(c)(3). Thus, Rule 11(c) provides an independent basis for dismissing this action.

An appropriate Judgment accompanies this Memorandum Order.

### JUDGMENT

For the reasons stated in the accompanying Memorandum Order, it hereby is

ORDERED, that the Court *sua sponte* dismisses this action with prejudice.

SO ORDERED.

---

4. Rule 11(b)(1) provides that pleadings, written motions, and other papers shall "not [be] presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."