Dan W. SHOEMAKER, Plaintiff–
Appellant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Defendant–Appellee.

No. 04–2527.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 30, 2004.*

Decided Dec. 3, 2004.

Dan W. Shoemaker, Monmouth, IL, pro
se.

K. Tate Chambers, Office of the United
States Attorney, Peoria, IL, for Defen-
dant–Appellee.

Before RIPPLE, KANNE, and
WILLIAMS, Circuit Judges.

**ORDER**

 Dan Shoemaker filed a Freedom of
Information Act (FOIA) and Privacy Act

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is

submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

request with the Department of Justice. The government provided him with some responsive documents but withheld others under FOIA exemptions. Shoemaker filed an administrative appeal, and then filed this suit under FOIA and the Privacy Act in the district court. The court granted summary judgment for the government. We affirm.

Shoemaker filed his FOIA and Privacy Act request in 2000, seeking records made during criminal investigations against him and his connection with the Western Illinois Militia. *See* 5 U.S.C. §§ 552, 552a. The Department of Justice determined that two of its component agencies, the Executive Office for United States Attorneys (EOUSA) and the Federal Bureau of Investigation (FBI), were each holding responsive documents. The EOUSA and FBI provided Shoemaker with some documents but withheld or redacted others, citing FOIA exemptions—specifically, exemptions permitting the withholding of documents to protect internal law enforcement procedures and the privacy of federal agents and informants, *see* 5 U.S.C. §§ 552(b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(C), to protect privileged documents, *see* 5 U.S.C. § 552(b)(5), and to protect the transcript of a conversation created with a wiretap, *see* 5 U.S.C. § 552(b)(3); 18 U.S.C. §§ 2511(2)(c), 2517. Shoemaker filed an administrative appeal with Department of Justice's Office of Information and Privacy. His appeal was denied, and he filed this FOIA and Privacy Act suit seeking full disclosure of all the documents.

The district court granted summary judgment for the government. The court found inapplicable the Privacy Act, which broadly permits agencies to withhold records made during criminal investigations. *See* 5 U.S.C. § 552a(j)(2). The court also held that the government had met its burden of establishing that the information requested fell within exemptions from disclosure under the FOIA by submitting detailed declarations describing the documents and explaining why specific exemptions applied.

On appeal Shoemaker argues that the government should not be able to withhold documents from him under FOIA unless the court conducts a review. He argues generally that the government was engaged in wrongdoing, cover-up, and conspiracy against him, although he points to no specific evidence of such wrongdoing or bad faith.

A court need not review documents withheld under FOIA exemptions if the withholding agency provides sufficiently detailed affidavits describing what documents were withheld and explaining why they fit a cited exemption. *In re Wade*, 969 F.2d 241, 246 (7th Cir.1992); *Silets v. United States Dep't of Justice*, 945 F.2d 227, 229–32 (7th Cir.1991) (en banc). Such affidavits will suffice unless there is evidence to contradict them or to show that they were made in bad faith. *Silets*, 945 F.2d at 229.

Shoemaker's general arguments do not require the court to review the documents because he points to no evidence of wrongdoing or bad faith. *Id.* at 231. Furthermore, Shoemaker does not even challenge the applicability of the exemptions, the sufficiency of the affidavits,[1] or the district court's holding that the Privacy Act does

---

**1.** Rule 56(e) of the Federal Rules of Civil Procedure requires factual assertions to be made in affidavits, but here the government supplied only declarations, which are not notarized. Still, these declarations were made under penalty of perjury and verify the truth of assertions that they contain, so they satisfy Rule 56(e). *See* 28 U.S.C. § 1746; *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir.2004); *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996).

not apply, and we deem any such arguments waived. *See Duncan v. State Dep't of Health & Family Servs.,* 166 F.3d 930, 934 (7th Cir.1999). In any case, our own review of the district court's order reveals no error.

 Shoemaker also raises several other arguments on appeal, all of which are irrelevant to the merits of his FOIA action. First, he asserts that the district court erred in denying appointed counsel because the case was too complex for him to proceed pro se. The district court, however, had discretion to appoint counsel considering various factors, including the merits of the case, the ability of the plaintiff to investigate facts and present the law, the complexity of the legal issues, and whether the nature of the evidence suggests that appointment of a lawyer would more likely reveal the truth. *See Merritt v. Faulkner,* 697 F.2d 761, 764 (7th Cir.1983). Here, the district court was correct that the case is neither factually nor legally complex, and we, too, denied a motion for appointed counsel after this appeal was filed.

Next, Shoemaker argues that the district court improperly rejected his arguments that the FOIA request should be treated as a subpoena in a criminal case because he first sought the requested materials by subpoena to the FBI in 2000, when he stood trial and was convicted in Illinois for various criminal offenses. Shoemaker, however, offers no legal reasons or authority to justify treating the FOIA request as a criminal subpoena, and we deem such legally underdeveloped arguments waived. Fed. R.App. P. 28(a)(9); *see Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir.2001); *Tyler v. Runyon,* 70 F.3d 458, 464 (7th Cir.1995). Likewise, Shoemaker argues that the district court improperly ignored his arguments that the government infringed copyright of his book, *U.S. Militiaman's Handbook,* by copying it to share among agencies and to send to him in response to his FOIA. He provides no legal reasons or authority to explain how this ostensible violation relates in any way to his FOIA action, however, and we deem it waived. Moreover, as the government argues, copyright claims against the United States can only be brought in the Court of Federal Claims. 28 U.S.C. § 1498(b).

For the foregoing reasons, the judgment of the district court is AFFIRMED.