NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 7, 2007[*]
Decided June 25, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1294

| | |
|---|---|
| PERCY E. MOORE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| FEDERAL BUREAU OF INVESTIGATION, *Defendant-Appellee*. | No. 06-C-697-S John C. Shabaz, *Judge*. |

**O R D E R**

Federal inmate Percy Moore tendered in the district court a civil complaint under the Freedom of Information Act, *see* 5 U.S.C. § 552(a)(4)(B), claiming that the FBI unlawfully withheld records from him and seeking to compel disclosure. Screening the complaint under 28 U.S.C. § 1915A(b), the district court dismissed the action with the explanation that

---

[*] The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. The appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

Moore's complaint fails to state a claim because it does not allege that his requests for information were "specific."  Moore sought reconsideration of that judgment, which the district court denied.  Moore appeals, and we vacate the judgment and remand for further proceedings.

We note at the outset that, although the district court's order says that the dismissal is "without prejudice," the court's entry of judgment under Federal Rule of Civil Procedure 58, along with its denial of Moore's motion for reconsideration, show that the court is "finished with the case."  *See Taylor-Holmes v. Office of the Cook County Public Guardian*, 503 F.3d 607, 609 (7th Cir. 2007); *accord Hoskins v. Poelstra*, 320 F.3d 761, 763-64 (7th Cir. 2003).  We proceed, then, to the merits.

FOIA "generally contemplates a policy of broad disclosure of government documents."  *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998).  Under the Act, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  A reasonable description of records is one that would allow an agency employee to locate the records "with a reasonable amount of effort."  *Marks v. U.S. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978).  If the requesting person does not receive the records, the district court in the district where he resides has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.  *See id.* § 552(a)(4)(B); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Moore alleges that, six months prior to filing his complaint, he requested the following information from the FBI: (1) records of electronic surveillance and warrantless eavesdropping conducted by the Rockford Police Department, the FBI, the DEA, and the CIA from 1991 through 2006; (2) documents concerning efforts by those agencies to drug or "brainwash" Moore from 1991 through 2006; (3) reports from those agencies, written during the same period, about Moore's anti-government book-writing; and (4) reports of any criminal investigations of Moore, particularly any reports of potential plea or cooperation agreements.  He further alleges that the FBI did not timely respond to his requests and has stalled by asking for further information.

Even after the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), complaints in federal courts still are subject to the notice-pleading standard of Federal Rule of Civil Procedure 8(a).  *Limestone Dev't Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)*; Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  Notice pleading requires only that a complaint contain "enough facts to state a claim that is plausible on its face."  *Bell Atlantic*, 127 S. Ct. at 1974; *accord Limestone*, 520 F.3d

at 803. In other words, Moore's complaint must provide enough detail to give fair notice of what his claim is and the grounds upon which it rests, so that the FBI may respond. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007); *Airborne Beepers*, 499 F.3d at 667.

Moore's complaint does that, and thus it states a claim under FOIA. And Moore has not, as the district court implied in denying his motion for reconsideration, "pleaded himself out of court" by submitting a letter from the FBI that says his request to the agency did not contain sufficient information to conduct a search. The district court apparently relied on the content of that letter as evidence that Moore had not made a "specific" request. But in submitting that letter Moore did not vouch for the truth of its content. *See Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006); *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004). Moore filed suit because he contends that the FBI, as evidenced by its letter, is stonewalling. He may be wrong, but whether he can prove his claim has nothing to do with whether he has pleaded it satisfactorily. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006); *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002).

True, if Moore's claim rested entirely on his request for agency records of electronic surveillance and warrantless eavesdropping—apparently of *anyone* in the preceding 15 years—it might appear on the face of the complaint that he did not reasonably describe the records he seeks. *See, e.g, Voinche v. U.S. Dep't of the Air Force*, 983 F.2d 667, 670 (5th Cir. 1993) (noting that an agency may seek amendment of overly broad requests for information); *Marks*, 578 F.2d at 263 (noting that "broad, sweeping requests lacking specificity are not permissible"). In that case, Moore's complaint could warrant dismissal on the ground that the facts he pled "cannot result in any plausible relief." *See Segal v. Geisha NYC LLC*, 517 F.3d 501, 505 (7th Cir. 2008).

But Moore's relatively standard demand for records from the FBI's criminal investigation of him is not obviously deficient. *See, e.g., Patterson v. IRS*, 56 F.3d 832, 834 (7th Cir. 1995) (request for all materials related to IRS's investigation of requester); *Wilbur v. CIA*, 355 F.3d 675 (D.C. Cir. 2004) (request for any records maintained by CIA relating to requester); *Morrow v. FBI,* 2 F.3d 642 (5th Cir. 1993) (request for documents and photographs concerning requester's arrest). Indeed, so standard is a request for records or information compiled for law enforcement purposes that FOIA outlines specific exemptions for records of this type if, for example, production "could reasonably be expected to interfere with enforcement proceedings." *See* 5 U.S.C. § 552(b)(7)(A); *accord Solar Sources*, 142 F.3d at 1039 (affirming grant of summary judgment based on government's assertion of this exemption).

A search for documentation showing that Moore was drugged or brainwashed, or for any FBI commentary on his anti-government book-writing, may be so obviously fruitless

that it is unnecessary. *See Patterson*, 56 F.3d at 841 ("[T]o avert summary judgment, the requester must show some reason to think that the document would have turned up if the agency had looked for it.") (internal quotation marks omitted). But fulfilling those requests would not require a wild-goose chase; the FBI could locate the records—or explain that the records do not exist—"with a reasonable amount of effort." *See Marks*, 578 F.2d at 263.

In the end, a lack of specificity to Moore's requests may be one of many defenses the FBI will assert to justify nonproduction. *See U.S. Dep't of Justice v. Reporters Comm'n for Freedom of Press*, 489 U.S. 749, 754-55 (1989) (explaining that it is agency's burden to sustain its action); *Ruotolo v. Dep't of Justice*, 53 F.3d 4, 9 (2d Cir. 1995) (agency must show that requested information either has been produced, is unidentifiable, or is exempt); *Ferri v. Bell*, 645 F.2d 1213, 1219-20 (3d Cir. 1981) (explaining that documents may be denied only if they are exempt or were not reasonably described). But whether or not the FBI was justified in failing to provide these records is a question that cannot be resolved without first directing that the agency be served with Moore's complaint.

Accordingly, we VACATE the district court's judgment and REMAND for further proceedings.