NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2009
Decided February 17, 2010[*]

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2345

| | |
|---|---|
| PERCY E. MOORE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 06-cv-697-bbc |
| FEDERAL BUREAU OF | |
| INVESTIGATION, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Federal inmate Percy Moore filed a complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, claiming that the FBI wrongfully withheld records from him. The district court dismissed Moore's complaint upon initial screening, *see* 28 U.S.C. § 1915A, but we vacated that decision and remanded for further proceedings, *Moore v. FBI*, 283 F. App'x

---

[*]This appeal is successive to case no. 07-1294 and has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a); CIR. R. 34(f).

397 (7th Cir. 2008). On remand the district court granted summary judgment for the FBI, and we affirm.

Moore filed his complaint in January 2007, alleging that six months earlier he had asked the FBI for (1) records of electronic surveillance and warrantless eavesdropping between 1991 and 2006 by the FBI, the DEA, the CIA, and local police in Rockford, Illinois; (2) documents concerning efforts by those agencies to drug or brainwash him during the same period; (3) statements by "family or anyone else" concerning the alleged drugging and brainwashing; (4) FBI reports given to "congressmen, senators, or anyone else" detailing Moore's anti-government book-writing during the same time frame; and (5) records from 1995 through 2006 concerning statements that four particular women may have made about him to the FBI or the Rockford police in exchange for immunity, plea agreements, or other favorable consideration. Moore further alleged that the FBI had not timely responded to his requests and had stalled by asking him for further information.

At summary judgment, however, the only FOIA requests to materialize concerning the five categories of documents mentioned in Moore's complaint were dated November 1 and November 6, 2006. (Moore's complaint also mischaracterized the date range he assigned to the first four categories of documents in his FOIA requests—he actually sought documents from 1991 to 2002—but the variation is irrelevant.) For its part, the FBI submitted an affidavit from David Hardy, the section chief of the Record/Information Dissemination Section at FBI headquarters, explaining the agency's general data-retrieval procedure as well as its efforts in response to Moore's particular requests. According to the affidavit, the agency had searched three times for records relating to Moore. The FBI first searched the indices to the Central Records System at its headquarters for documents containing Moore's name. That search revealed three potentially responsive files, but each had been destroyed in the early 1990s. The classification codes were all that remained for those files, and those codes identified the general subject matter to be investigations of interstate transportation of stolen property and theft from interstate shipments. The FBI informed Moore in writing about the destroyed files in December 2006. The FBI next searched its electronic-surveillance indices, which it uses to maintain information on subjects whose electronic and voice communications have been intercepted; this search turned up nothing, and the FBI informed Moore as much in February 2007. Finally, in August 2008 when the FBI was served with Moore's complaint after our remand, the agency repeated the indices search at its headquarters and this time broadened the inquiry to include files at FBI field offices. This expanded search uncovered a potentially responsive document at the Chicago field office, and the FBI instructed Moore that he could obtain the document by submitting a request to that office. *See* 28 C.F.R. § 16.3(a) (explaining that, to obtain records held by an FBI field office, the requester must write directly to that office). Moore followed that advice in February 2009, and the Chicago field office sent him a redacted three-page document the following month.

The district court granted summary judgment for the FBI, reasoning that the undisputed evidence established that the agency had performed a reasonable search in response to the two requests Moore submitted in November 2006. Moore also raised arguments at summary judgment concerning an unrelated FOIA request he had submitted to the FBI in June 2006 seeking "reports and research of behavioral modification–brainwashing–mind control–experimentations," "government hearings on chemical and psychological warfare," "classified counterintelligence programs of brainwashing techniques," and "research in the last twenty-five years on chemical and biological warfare techniques." The district court concluded that the earlier request was not at issue in the lawsuit because Moore had not mentioned it in his complaint. And in any event, the court concluded, the request was too broad and sweeping to support a claim under FOIA. Finally, to the extent that Moore challenged the response of the FBI's Chicago field office to his request of February 2009, the district court also concluded that the request was not properly before the court because it had not been made until the litigation was well underway and Moore had not administratively appealed the agency's response. *See* 28 C.F.R. § 16.9; *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988).

Although we typically review de novo a district court's grant of summary judgment, we apply a different standard when reviewing a FOIA case resolved on summary judgment: We ask whether the district court had a sufficient factual basis for its ruling and, if so, whether the court's decision was clearly erroneous. *Enviro Tech Int'l, Inc. v. EPA*, 371 F.3d 370, 373-74 (7th Cir. 2004).

To satisfy its burden at summary judgment, the FBI needed to establish that it conducted a reasonable search in light of Moore's requests. *See Patterson v. IRS*, 56 F.3d 832, 840-41 (7th Cir. 1995). We find no clear error in the district court's conclusion that the agency met this burden. The FBI submitted a "reasonably detailed" and "nonconclusory" affidavit describing its efforts, *see In re Wade*, 969 F.2d 241, 249 n.11 (7th Cir. 1992), and Moore did not contest the agency's version of events. Moore's name was a reasonable search term, and the inquiry produced only three potentially responsive files that had all been destroyed years earlier. That the FBI no longer possesses those documents does not undermine the reasonableness of the agency's search, *see Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004), nor does Moore's speculation that other documents might exist, *see id.*; *Wade*, 969 F.2d at 249 n.11.

To the extent that Moore argues that the FBI's initial search at headquarters was inadequate because it did not uncover the document he later received from the Chicago field office, the contention is moot because the agency eventually informed Moore about the document and advised him how to obtain it. *See Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536-37 (7th Cir. 2005). Moore is dissatisfied that the document he received was redacted, but as the district court concluded, the adequacy of the Chicago field office's

response to Moore's February 2009 request was not an issue properly before the court at summary judgment. Moore had not exhausted his administrative remedies with respect to that document, *see* 28 C.F.R. § 16.9, nor had he amended his complaint to challenge the adequacy of the Chicago field office's response to his request or even placed the response in the record before the district court.

Finally, Moore once again challenges the FBI's response to the request he submitted in June 2006 for documents concerning behavioral modification and chemical, biological, and psychological warfare. As the district court observed, however, Moore did not mention these documents in his complaint nor did he amend the complaint or otherwise put the FBI on notice that he was challenging anything other than its response to his requests for the five categories of documents described in his complaint. *Cf. Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 879 (7th Cir. 2005). In response to the district court's secondary conclusion that Moore's June 2006 request was, in any event, too broad and sweeping to justify relief under FOIA, Moore argues that the FBI was obligated to help him reformulate the request. But the FBI did just that: The agency sent Moore a letter in July 2006 alerting him that his request lacked specificity and asking for more detailed information. As far as the record reveals, Moore never responded and instead submitted two new requests in November 2006 for five entirely different categories of documents. And, as we have explained, the FBI conducted a reasonable search in response to those requests.

Accordingly, we AFFIRM the judgment of the district court.