**DESVI, INC., on behalf of itself and all others similarly situated, Appellant**

**v.**

**CONTINENTAL INSURANCE COMPANY, Appellee**

No. 91-3813

United States Court of Appeals

for the Third Circuit

June 12, 1992

JOHNNY BARNES, ESQ. (Argued) (LAW OFFICES OF DESMOND L. MAYNARD), St. Thomas, V.I., *for appellant*

GREGORY H. HODGES, ESQ. (Argued); MARGARET A. DUENSING, ESQ. (DUDLEY, TOPPER AND FEUERZEIG), St. Thomas, V.I., *for appellee*

BEFORE: SLOVITER, *Chief Judge,* MANSMANN and WEIS, *Circuit Judges*

## OPINION OF THE COURT

WEIS, *Circuit Judge*

A statute of the Virgin Islands requires insurance companies to pay interest on claims to date of judgment when a policy holder

brings a suit against the carrier. The district court concluded that the statute did not apply when litigants settled their dispute before entry of judgment. We agree and will affirm.

After its property was damaged by Hurricane Hugo in September 1989, plaintiff submitted a claim to its carrier, defendant Continental Insurance Company. Plaintiff estimated the cost of repairs to be approximately $500,000. When defendant refused to pay that amount, plaintiff filed suit in the district court.

After some negotiations, plaintiff submitted a proof of loss on March 9, 1991, in the amount of $198,481.50. A few days later, plaintiff advised defendant that, pursuant to a Virgin Islands statute, interest was due on the settlement amount. On March 25, 1991, defendant issued a draft in the amount of the settlement, less a $1,000 deductible, and tendered the draft to plaintiff. Defendant refused to pay interest, but plaintiff ultimately accepted the draft and negotiated it.

Within days after defendant's tender, plaintiff filed this class action on behalf of residents of St. Thomas who were insured by defendant on the date that Hurricane Hugo struck the island. Plaintiff alleged that, by operation of law, interest was due on all previously settled and pending claims.

The district court granted summary judgment for defendant, concluding that 22 V.I. Code § 228(b) required the payment of interest only when an insured was required to take a suit to judgment. In the court's view, the statute did not apply to settlements, but only to judgments. The court denied relief to plaintiff and did not address its request for class certification.

On appeal, plaintiff contends that the district court erred in mentioning the one year limitation period in actions brought under the policy, and that the prerequisites of a class action have been met. Moreover, plaintiff asserts that contested issues of fact remain and the court erred in its statutory interpretation.

■■ A district court may grant summary judgment when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must resolve doubts in favor of the non-moving party. Meyer v. Riegel Prod. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983). The threshold inquiry is whether there are "genuine factual issues that properly can be resolved only by a finder of

fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). This Court's review of a district court's grant of summary judgment is plenary. J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 613 (3d Cir. 1987).

Although insisting that summary judgment was not appropriate because factual matters are in dispute, plaintiff's brief does not identify a single issue of material fact that is in controversy. Plaintiff's extended discussion of the factors appropriate to class certification is misplaced because, if the district court's reading of the statute is correct, the putative class has no cause of action in any event. Summary judgment, therefore, was an appropriate procedure.[1]

22 V.I. Code § 228(b) provides:

"In cases where suit is brought by the insured to recover the payment due under the policy, interest at the prevailing prime rate applicable on the date of judgment, under section 951 of Title 11, Virgin Islands Code, from the date of loss to the date of judgment, shall be added to the amount of the judgment so as to compensate the insured for delay in payment."

Plaintiff argues that the word "judgment" in subsection 228(b) should be construed broadly, thus requiring interest to be paid in addition to principal on all insurance claims not settled within thirty days of the loss where suit is filed to recover policy proceeds.

█ The plain meaning of this section is that interest is mandated on claims only when insureds are required to secure judgments in order to recover payment. The words "date of judgment," describing the end of the period for which interest is due, are clear and unambiguous. The statute does not use "payment" or "settlement" or any other term that would describe an event other than a judgment as the essential prerequisite to determining eligibility for interest. To read "judgment" as including "settlement agreements" would create ambiguity where none exists.

The legislature was quite familiar with the distinction between the two terms as is evident from subsection (a) of the same statute,

---

[1] See Rogers v. Bucks County Domestic Relations Section, 959 F.2d 1268 (3d Cir. 1992); Winston v. Children & Youth Serv., 948 F.2d 1380, 1392-93 (3d Cir. 1991). But see Finberg v. Sullivan, 634 F.2d 50, 64 (3d Cir. 1980) (en banc). At oral argument, counsel for defendant stated that his client was aware of the implications of, but did not desire, class certification.

which provides that insurance companies "shall have thirty calendar days from the date on which an agreement to settle is signed or a proof of claim has been filed, whichever comes last, to make payment of all sums due under an insurance policy." 22 V.I. Code § 228(a).

■ We need go no further than the language of subsection 228(b). "There is no need to resort to legislative history unless the statutory language is ambiguous." Velis v. Kardanis, 949 F.2d 78, 81 (3d Cir. 1991). In any event, the legislative history fails to provide any support for plaintiff. The brief comments on the floor discussing section 228 are devoted to the problems encountered by persons who had settled with insurance carriers only to encounter delay in honoring drafts for the money due. In some instances cited, the delay lasted as long as six to eight months after receipt of a draft. Those comments were all directed toward the substance of subsection 228(a) and did not indicate any intention of the lawmakers to include settlements within subsection 228(b).

We are satisfied that the district court properly construed subsection 228(b) to require an entry of judgment as a prerequisite for the award of interest under the statute. The judgment of the district court will be affirmed.