

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-1996

# Hartford Accident v. Sharp

Precedential or Non-Precedential:

Docket 95-7326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Hartford Accident v. Sharp" (1996). *1996 Decisions.* Paper 153.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HARTFORD ACCIDENT & INDEMNITY COMPANY,

Appellant

vs.

GWEN S. SHARP, *OR THE ESTATE OF LAVERNE J. SHARP

*Amended per Clerk's 8/4/95 order
_____

Appeal from the United States District Court
for the Virgin Islands  – St. Thomas
(D.C. Civ. No. 92-cv-00233)
_____

Argued
April 17, 1996
Before:  MANSMANN, SAROKIN and GARTH, Circuit Judges.

(Filed June 20, 1996)
_____

James L. Hymes, III, Esquire (ARGUED)
Law Office James L. Hymes, III
P.O. Box 990
Charlotte Amalie, Saint Thomas
USVI  00804

        COUNSEL FOR APPELLANT

Adam G. Christian, Esquire (ARGUED)
Hodge & Francois
1340 Taarnederg Road
Charlotte Amalie, St. Thomas
USVI  00802

        COUNSEL FOR APPELLEE
_____

OPINION OF THE COURT
_____


MANSMANN,  Circuit Judge.
        Hartford Accident & Indemnity Company appeals from a

decision of the U.S. District Court of the Virgin Islands, Division of St. Thomas and St. John, awarding Gwen S. Sharp prejudgment interest on the payment of the proceeds of an accidental death and dismemberment policy of which her husband, Laverne J. Sharp, was the insured. Mrs. Sharp was the only beneficiary under the policy.

The sole issue we address in this appeal is whether the award of prejudgment interest as set forth in Title 22 V.I.C. 228(b) ("insured" entitled to prejudgment interest from the date of loss to the date of judgment as compensation for delay in payment) applies to beneficiaries of life insurance policies and not exclusively to "the insured" as set forth in the statute.

We hold that since this statute states clearly on its face that an "insured" may recover the interest, the additional benefit is not available to one who is not an insured. Instead, we apply Title 11 V.I.C. 951(a)(4) and award to Mrs. Sharp, as a beneficiary who was forced to litigate to recover the proceeds of a life insurance policy, prejudgment interest from the date of the proof of loss to December 16, 1992, the date the money was deposited with the court.

I.

Laverne Sharp obtained an accidental death and dismemberment policy from Hartford effective July 1, 1984, with a maximum coverage amount of $150,000.00 for loss of life. Subsequent to the effective date of the policy, on May 8, 1990, Mr. Sharp died of a gunshot wound to the head. It was conceded by Hartford at oral argument before us that per the terms and conditions of the policy, on May 26, 1990, Mrs. Sharp forwarded to Hartford a copy of Mr. Sharp's death certificate which listed his cause of death as a homicide, requesting that a $150,000 payment be made to her as sole beneficiary. Hartford did not respond but approximately two and one-half years later, it filed a federal complaint for interpleader and declaratory relief, depositing $150,000.00 with the court pending the outcome of the matter. Mrs. Sharp, the only replying party, filed an answer and a counterclaim for the insurance proceeds and prejudgment interest and a second counterclaim for postjudgment interest and bad faith. On June 11, 1993, a United States Magistrate Judge ordered the release of the funds to Mrs. Sharp.

Subsequently Mrs. Sharp filed a motion for partial summary judgment for prejudgment interest pursuant to Title 22 V.I.C. 228. Hartford, in turn, filed a cross-motion for partial summary judgment, asserting that Mrs. Sharp was not entitled to prejudgment interest as she was a beneficiary and not the actual "insured" as the statute requires. The district court denied Hartford's motion and granted Mrs. Sharp's motion for partial summary judgment, holding that Title 22 V.I.C. 228(b) reflected a legislative intent to award prejudgment interest to an insured forced to litigate entitlement to recovery under an insurance policy and that the same rationale applies to a beneficiary.

The district court had jurisdiction pursuant to 48 U.S.C. 1612(a) and Title 4 V.I.C. 32. We have jurisdiction pursuant

to 28 U.S.C.   1291.  Since we are reviewing the interpretation of a statute by the district court, our review is plenary.  United Industrial Workers Service v. Government of the Virgin Islands, 987 F.2d 162, 167 (3d Cir. 1993).

                              II.
        Section 228 of Title 22 of the Virgin Islands Code mandates that:
        228.  Payment of claims
            (a)  Effective 90 days after February 24, 1984, insurance companies doing business in the Virgin Islands shall have thirty (30) calendar days from the date on which an agreement to settle is signed or a proof of claims has been filed, whichever comes last, to make payment of all sums due under an insurance policy.

            (b)  In cases where suit is brought by the insured to recover the payment due under the policy, interest at the prevailing prime rate applicable on the date of judgment, under section 951 of Title 11, Virgin Islands Code, from the date of loss to the date of judgment, shall be added to the amount of the judgment so as to compensate the insured for delay in payment. . . .

Thus, if an "insured" is required to litigate its entitlement to proceeds for a policy covered under this Title, section 228 would authorize prejudgment interest from the date of the loss covered under the policy to the date of judgment.
        In determining whether this statute also applies to one not an insured, we are guided by well-settled principles of statutory construction.
        We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.

Smith v. Fidelity Consumer Discount Co., 898 F.2d 907, 909-910 (3d Cir. 1989) (quoting Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980)).
        Here the language of section 228 is clear -- the "insured" is entitled to pre-judgment interest.  Nothing in the section indicates that the beneficiary is to be included or stands in the shoes of the insured.  Utilizing the statutory Rules of Construction for the Virgin Islands, we must read:
        [w]ords and phrases . . . with their context and ... construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be

        construed and understood according to their
        peculiar and appropriate meaning.

V.I. Code Ann. tit. 1,   42 (1921).
        Whether we utilize "the common and approved usage" or its
"peculiar and appropriate meaning in the law," the word "insured"
does not include the person whom the insured designates as the
beneficiary.
        We have also examined the other provisions of the
statute, following Judge Maris' cautionary instruction that "all
the provisions of a statute upon a subject are to be harmonized and
read together so as to effectuate the purposes of the statute."
Port Construction Co. v. Government of the Virgin Islands, 359 F.2d
663, 665 (3d Cir. 1966).  Section 228 is contained in Title 22,
Chapter 9 of the Virgin Islands Code.  Title 22 discusses
"Insurance"; Chapter 9 specifically addresses "Insurers; General
Requirements."  Several sections within Title 22 address the rights
of a beneficiary.  See 22 V.I.C.   836 (payment of proceeds of life
insurance or accidental death policies upon simultaneous death of
insured and beneficiary); 22 V.I.C.   658 (information required on
a change of beneficiary form under a life or endowment policy or
annuity contract and payment of funds owing to a beneficiary under
life insurance policies); 22 V.I.C.   838 (exemption of life
insurance proceeds paid to the lawful beneficiary of a life
insurance policy from creditors and representatives of the
insured); 22 V.I.C.   841 (designation of a beneficiary by the
spouse of an insured under a life insurance policy); 22 V.I.C.
1015 (designation of a beneficiary by the insured and endorsement
of the beneficiary by the insurer on the policy.)  Since in those
sections the Virgin Islands Legislature utilized the word
"beneficiary" when it so meant, we can presume that the
Legislature, familiar with the distinction between the terms, chose
to use insured -- and only insured -- in section 228.  Cf. Desvi,
Inc. v. Continental Insurance Company, 968 F.2d 307 (3d Cir. 1992)
(plain meaning of   228(b) is that interest is mandated on claims
only when insureds are required to secure judgments in order to
recover payment).
        Therefore, we will not create an ambiguity where none
currently exists and will regard the language of Title 22 V.I.C.
228 as conclusive.  As in Desvi, Inc., we "need go no further than
the language of subsection 228(b).  `There is no need to resort to
legislative history unless the statutory language is ambiguous.'
Velis v. Kardanis, 949 F.2d 78, 81 (3d Cir. 1991)."  Id. at 309.
        Mrs. Sharp has not suggested any legislative history to
the contrary and we have not been able to find any support for her
position.  Since the statutory language here is clear and plain, we
must give it effect unless the legislative history is such that a
literal reading "will produce a result demonstrably at odds with
the intention of [the] drafters."  Smith, 898 F.2d at 910 (quotingGriffin
v. Oceanic Contractors, Inc., 458 U.S. 564, 570 (1982)).


                               III.
        Mrs. Sharp is not, however, without a remedy in her quest
for prejudgment interest.  Title 11 V.I.C.   951(a)(4) provides

that:

> (a) The rate of interest shall be nine (9%) per centum per annum on ––
>
> * * *
>
> (4) money due or to become due where there is a contract and no rate is specified.

In the absence of a statute specific to this situation, i.e., section 228, application of a general statute, i.e., section 951, is appropriate. The Territorial Court of the Virgin Islands, Division of St. Thomas and St. John, held in Trocki v. Mendoza, 15 V.I. 256, 259 (Terr. Ct. 1978) that "[p]ursuant to the Restatement of Contracts 337(b)(1932) interest may be awarded at the statutory legal rate 'in the discretion of the court if justice requires it.'" In turn, we held more specifically in Benefit Trust Life Insurance Company v. Union National Bank of Pittsburgh, 776 F.2d 1174, 1179 (3d Cir. 1985), that the entitlement to prejudgment interest in insurance claims does not differ from that awarded in other contractual disputes.

Therefore, Gwen Sharp is entitled to prejudgment interest pursuant to section 951(a)(4). The practical effect is that unlike section 228 in which the prejudgment interest is calculated from the actual date of loss, i.e., May 8, 1990 – the date of death of Laverne L. Sharp, prejudgment interest pursuant to section 951 is calculated from the date when the insurance proceeds became payable, i.e., May 26, 1990 – the date Mrs. Sharp filed a notice of claim with Hartford, running until the date Hartford deposited the funds into the district court's Registry – December 16, 1992. Atlin v. Security Connecticut Life Ins. Co., 788 F.2d 139, 142 (3d Cir. 1986) (no interest runs against the stakeholder after he pays the disputed sum into court.)

IV.

Accordingly, we will vacate the judgment of the district court and remand this matter for the entry of a judgment for prejudgment interest pursuant to section 951.

Each party to bear its own costs.

_____