**OSHA DATA/CIH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Defendant.**

**No. Civ.A. 98–283 AJL.**

United States District Court, D. New Jersey.

May 10, 1999.

Philip D. Stern, Millburn, New Jersey, for plaintiff.

Faith S. Hochberg, United States Attorney, Laura M. Smith, Asst. U.S. Atty., Susan Handler–Menahem, Asst. U.S. Atty., Newark, New Jersey, for defendant.

## OPINION

LECHNER, District Judge.

This is an action by plaintiff OSHA Data/CIH, Inc. ("OSHA Data") against defendant the United States Department of Labor (the "Department of Labor"). Presently pending are the motion from OSHA Data for summary judgment (the "OSHA Data Motion for Summary Judgment") and the cross motion from the Department of Labor to dismiss, or in the alternative for summary judgment (the "Department of Labor Motion to Dismiss", the "Department of Labor Motion for

Summary Judgment").[1] For the reasons set forth below, the Department of Labor Motion to Dismiss is granted as to Counts One, Two, Three and Four of the amended complaint (the "Amended Complaint"); the OSHA Data Motion for Summary Judgment is denied.

*Facts*

### 1. *Parties*

OSHA Data is a New Jersey corporation with its primary place of business in Maplewood, New Jersey. *See* Complaint p. 1–2 ¶ 4. OSHA Data appears to be in the business of collecting and publishing data created by the Occupational Safety and Health Administration ("OSHA").

The Department of Labor is an agency of the Federal Government. OSHA is an agency overseen by the Department of Labor.

### 2. *Procedural History*

On 22 January 1998, OSHA Data filed a three count complaint against the Department of Labor. On 28 January 1998, OSHA Data filed a First Amendment to Complaint, which added a fourth count. Defendants filed an answer (the "Answer") to the Amended Complaint on 27 February 1998. Each Count of the Amended Complaint raised independent causes of action premised upon separate and distinct requests for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On 1 May 1998, the Department of Labor filed a motion to stay (the "Motion to Stay") this matter as to Counts One and Two of the Amended Complaint. The Motion to Stay was referred to Magistrate Judge Dennis M. Cavanaugh ("Judge Ca-

---

1. In support of the OSHA Data Motion For Summary Judgment, OSHA Data submitted:
   1) Brief of Plaintiff in Support of Motion for Summary Judgment on Third and Fourth Counts (the "Moving Brief");
   2) Certification of Philip D. Stern; and
   3) Letter Brief in Reply to Defendant's Opposition (the "OSHA Data Reply Brief")
   In opposition to the OSHA Data Motion for Summary Judgment and in support of the

Department of Labor Motion to Dismiss and/or for Summary Judgment, the Department of Labor submitted:
   1) Defendant's Brief In Opposition to Plaintiff's Motion and in Support of Cross Motion (the "Cross-moving Brief"); and
   2) Letter Brief in Reply to Opposition to Cross Motion (the "Cross-motion Reply Brief").

vanaugh") pursuant to 28 U.S.C. § 636(b)(1)(A). Oral argument was held before Judge Cavanaugh on 21 April 1998 and 9 June 1998. By an opinion and order, dated 11 June 1998, (the "11 June 1998 Opinion") Judge Cavanaugh granted the Motion to Stay.

Counts One and Two of the Amended Complaint were stayed to allow OSHA the opportunity to contact the submitters of the information requested by OSHA Data for the purpose of determining whether the requested material was exempt from dissemination. *See* 11 June 1998 Opinion at 7–8. The 11 June 1998 Opinion determined the cost of this process, estimated at more than $1.5 million, should be borne by OSHA Data. *See id.* at 9–11.

On 29 June 1998 OSHA Data filed a notice of appeal of the 11 June 1998 Opinion (the "29 June 1998 Notice of Appeal"). The 29 June 1998 Notice of Appeal argued (1) Judge Cavanaugh made no findings of fact to support the 11 June 1998 Opinion, (2) Judge Cavanaugh erroneously concluded OSHA Data was responsible for the costs associated with evaluation of claims of confidentiality, and (3) Judge Cavanaugh erroneously stayed the entire action when Defendants had moved to stay only Counts One and Two. *See* 29 June 1998 Notice of Appeal at 3–5. OSHA Data asserted no brief was necessary to support the 29 June 1998 Notice of Appeal.

By a letter, dated 30 June 1998, (the "30 June 1998 Letter"), OSHA Data was directed to submit a brief and to file the transcripts of the oral arguments held before Judge Cavanaugh. By order, dated 10 August 1998, (the "10 August 1998 Order") the Notice of Appeal was dismissed for failure of OSHA Data to submit a brief in support of its appeal or to offer an explanation as to why more than six weeks had passed without the filing of the requi-

site brief. On 26 August 1998, OSHA Data filed a motion for reconsideration (the "Motion for Reconsideration") of the dismissal of the 29 June 1998 Notice of Appeal.[2]

The Motion for Reconsideration was granted by an order, dated 3 September 1998 (the "3 September 1998 Order"). The 3 September 1998 Order reinstated the 29 June 1998 Appeal. Pursuant to the original representation of OSHA Data that briefing was not necessary to determine the merits of the 29 June 1998 Appeal, the 29 June 1998 Appeal was decided by the 3 September 1998 Order. The 3 September 1998 Order affirmed the 11 June 1998 Opinion to the extent it stayed Counts One and Two of the Amended Complaint, and reinstated Counts Three and Four.[3]

Presently pending are the OSHA Data Motion for Summary Judgment as to Counts Three and Four of the Amended Complaint and the Department of Labor Motion to Dismiss and/or for Summary Judgment.

### 3. *Background*

OSHA Data is a "private database information service which offers online and preprogrammed reports of U.S. government regulatory compliance and enforcement data for every business nationwide." *OSHA Data Regulatory Compliance History Information* (visited 3 May 1999) <*http://www.oshadata.com/*>. OSHA Data updates its databases quarterly. *See id.* OSHA Data receives information on OSHA compliance from the Department of Labor.

As stated, the Amended Complaint raised independent causes of action premised upon separate and distinct requests for records under 5 U.S.C. § 552. Each count of the Amended Complaint seeks an

---

**2.** The Motion for Reconsideration was considered even though the motion was filed more than ten days after the entry of the 10 August 1998 Order. *See* Local Civil Rule 7.1(g).

**3.** Although Counts One and Two of the Amended Complaint remain stayed, the De-

partment of Labor Motion to Dismiss and/or for Summary Judgment will be addressed because it seeks dismissal or judgment on the grounds OSHA Data has demonstrated it is not, and will not be, able to meet the conditions required for the lifting of the stay.

injunction, enjoining the Department of Labor from withholding certain requested records, and requests an award of reasonable attorney's fees.

Count One of the Amended Complaint concerns a commercial use request for information, dated 29 October 1996, (the "29 October 1996 Request"). *See* Complaint Count One ¶ 4; 29 October 1996 Request attached to Amended Complaint as Exh. 1. The 29 October 1996 Request sought a copy of Log 200 data gathered from approximately eighty thousand employers under the so-called "Data Collection Initiative." *See* 29 October 1999 Request at 1. Specifically, OSHA Data requested all captured fields of information, such as the employer's name and address, the name and telephone number of the person who provided the data, and the average employment, hours worked, reporting period and calculated the lost work day injury and illness ("LWDI") value.

By letter, dated 10 December 1996, the Department of Labor responded to the 29 October 1996 Request by indicating the requested records would not be produced. *See* Complaint Count One ¶ 5. On 12 December 1996, OSHA Data filed an administrative appeal of the 10 December 1996 denial of the 29 October 1996 Request. *See id.* ¶ 6. As of the date of the Amended Complaint, OSHA Data had not received notice of any decision concerning its appeal. Count One of the Amended Complaint seeks to enjoin the Department of Labor from withholding the records sought by the 29 October 1996 Request. *See id.*

Count Two of the Amended Complaint concerns a commercial use request for information, dated 24 October 1996, (the "24 October 1996 Request"). *See* Amended Complaint Count Two ¶ 3; 24 October 1996 Request, attached to Amended Complaint as Exh. 4. The 24 October 1996 Request was a commercial use request for LWDI data calculated during OSHA enforcement inspections and entered into the Integrated Management Information System ("IMIS") and current through 30 Sep-

tember 1996. *See* 24 October 1996 Request. By letter, dated 19 December 1996, the Department of Labor responded by indicating the requested records would not be produced. *See* Amended Complaint ¶ 5. OSHA Data filed an administrative appeal on 23 December 1996. *See id.* ¶ 6. As of the date of the Amended Complaint, OSHA Data had not received a decision concerning its appeal. Count Two of the Amended Complaint seeks to enjoin the Department of Labor from withholding the records sought by the 24 October 1996 Request. *See id.*

Count Three of the Amended Complaint concerns a commercial use request for records, dated 12 September 1997, (the "12 September 1997 Request"). *See* Amended Complaint Count Three ¶ 9; 12 September 1997 Request, attached to Amended Complaint as Exh. 10. The 12 September 1997 Request sought records containing "all available data elements including the inspection, violation, administrative payment, hazardous substance, accident, related activity, debt, event history and optional segments for all inspection records up to and including the date of file tape creation. The requested file period of coverage [was] 30 days." 12 September 1997 Request at 1. As of the date of the Amended Complaint, OSHA Data had not received notice of any response to the 12 September 1997 Request. Count Three of the Amended Complaint seeks to enjoin the Department of Labor from withholding the records sought by the 12 September 1997 Request.

Count Four of the Amended Complaint concerns a commercial use request for records, dated 2 June 1997 (the "2 June 1997 Request"). *See* Amended Complaint Count Four ¶ 3; 2 June 1997 Request, attached to Amended Complaint as Exh. 7. The 2 June 1997 Request sought, in relevant part, a "copy of narrative text, which describes worksite-specific conditions, related to 5(a)(1) violations and/or fatality/catastrophe investigations (activity number, violation identification key, text) with all

available records and current through June 30, 1997." *See* 2 June 1997 Request.

As of the date of the Amended Complaint, OSHA Data had not received any response to the 2 June 1997 Request. It appears, however, the Department of Labor has since complied with this request. *See* Cross-moving Brief at 13; OSHA Data Reply Brief at 5. Count Four of the Amended Complaint seeks to enjoin the Department of Labor from withholding the records sought by the 2 June 1997 Request.[4] *See* Amended Complaint Count Four.

*Discussion*

To prevail on a motion for summary judgment, the moving party must establish "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The present task is to determine whether genuine issues of material fact exist and whether either the OSHA Data or the Department of Labor is entitled to judgment as a matter of law.

A district court may not resolve factual disputes in a motion for summary judgment. *See Linan–Faye Constr. Co. v. Housing Auth.,* 49 F.3d 915, 926–27 (3d Cir.1995) ("[A]t the summary judgment stage, 'the judge's function is not ... to weigh the evidence and determine the truth of the matter but determine whether there is a genuine issue for trial.'") (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Desvi, Inc. v. Continental Ins. Co.,* 968 F.2d 307, 308 (3d Cir.1992) ("[T]hreshold inquiry is whether there are 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party'") (citations omitted).

In considering a motion for summary judgment, all evidence submitted "must be viewed in the light most favorable to the nonmoving party and all inferences must be drawn in that party's favor." *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1077 (3d Cir.1992) (citing *Erie Telecommunications v. Erie,* 853 F.2d 1084, 1093 (3d Cir.1988)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Kowalski v. L & F Products,* 82 F.3d 1283, 1288 (3d Cir.1996); *Meyer v. Riegel Products Corp.,* 720 F.2d 303, 307 & n. 2 (3d Cir.1983) (the court must resolve "all inferences, doubts and issues of credibility ... against the moving party"), *cert. dismissed,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984).

As Rule 56(e) makes clear, once the moving party files a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. *See* Fed.R.Civ.P. 56(e); *see also Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. "[T]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348 (nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts"); *Gomez v. Allegheny Health Serv., Inc.,* 71 F.3d 1079, 1085 (3d Cir.1995), *cert. denied,* 518 U.S. 1005, 116 S.Ct. 2524, 135 L.Ed.2d 1049 (1996); *accord Siegel Transfer, Inc. v. Carrier Express, Inc.,* 54 F.3d 1125, 1130–31 (3d Cir.1995); *Nevets C.M., Inc. v. Nissho Iwai Am. Corp.,* 726 F.Supp. 525, 534 (D.N.J.1989), *aff'd without op'n,* 899 F.2d 1218 (3d Cir.1990).

When both sides file cross motions for summary judgment, each side "adequately preserve[s] its objection to granting summary judgment for [the opposing side]."

---

4. In light of the fact OSHA Data has been provided with the records sought by the 2 June 1997 Request since filing the Amended Complaint, OSHA Data now concedes Count Four is moot. *See* OSHA Data Reply Brief at

5. OSHA Data, however, asserts it is entitled to attorneys' fees in connection with Count Four because it has substantially prevailed, within the meaning of FOIA, on Count Four. *See id.*

*Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 150 (3d Cir.1993); *see also Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968) (stating "[c]ross motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute ... that the losing party waives judicial ... determination whether genuine issues of material fact exist"); *Panhandle Eastern Pipe Line Co. v. Utilicorp United Inc.*, 928 F.Supp. 466, 470 (D.Del.1996) (stating "the [c]ourt must consider the [cross motions for summary judgment] independently").

Both moving parties retain the burden of demonstrating there is no genuine issue of material fact; summary judgment is not automatically granted. *See Manetas v. International Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir.1976)("[C]ross motions for summary judgment do not warrant the court granting summary judgment."); *Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976) ("[T]he general rule is that cross-motions for summary judgment do not constitute an agreement that if one is rejected the other is warranted."); *Pittston Co. v. Allianz Ins. Co.*, 905 F.Supp. 1279, 1293 (D.N.J.1995), *rev'd on other grounds*, 124 F.3d 508 (3d Cir.1997).

### A.  Counts One and Two of the Amended Complaint

Counts One and Two of the Amended Complaint were stayed to allow OSHA the opportunity to contact the submitters of the information requested by OSHA Data for the purpose of determining whether the requested material was exempt from dissemination.   As indicated previously, and as discussed below, the 11 June 1998 Opinion determined the cost of this process, estimated at more than $1.5 million, should be borne by OSHA Data.

OSHA Data has stated it is not able to pay the $1.5 million cost of notification. *See* OSHA Data Reply Brief 2; 13 November 1998 Letter, attached to Cross-moving Brief as Exh. A. Because OSHA Data has refused to pay the cost of notification, as mandated by the 11 June 1998 Opinion and Order, the Department of Labor argues it is entitled to either to the dismissal of Counts One and Two of the Amended Complaint or to summary judgment on those counts.  *See* Cross-moving Brief at 7–8.   OSHA Data does not oppose the Department of Labor Motion to Dismiss and/or for Summary Judgment as it pertains to Counts One and Two of the Amended Complaint.  *See* OSHA Data Reply Brief at 2 ("Plaintiff has advised Defendant of its inability to pay $1.5 million and has invited the pending motion to dismiss in order to bring about finality in this Court.").

Counts One and Two of the Amended Complaint were stayed by the 11 June 1998 Opinion and Order pending payment by OSHA Data of the costs involved in determining the releasability of the requested information.   The 11 June 1998 Opinion and Order was affirmed by the 3 September 1998 Order.

In the 11 June 1998 Opinion, Judge Cavanaugh addressed the motion of the Department of Labor to stay Counts One and Two of the Amended Complaint.   Count One of the Amended Complaint sought the responses of approximately 75,000 businesses to a survey conducted by OSHA. *See* 11 June 1998 Opinion at 1–2; Amended Complaint Count One. Count Two of the Amended Complaint sought data collected during approximately 7,000 inspections conducted by OSHA. *See* 11 June 1998 Opinion at 2; Amended Complaint Count Two.

The Department of Labor argued there was a strong possibility the information sought by OSHA Data was commercial information that was exempted from the disclosure requirements of FOIA. *See* 11 June 1998 Opinion at 2. The Department of Labor further argued the submitters of information must be contacted prior to disclosure if the " 'disclosure of the information could reasonably be expected to

cause substantial competitive harm.' " *Id.* (quoting 29 C.F.R. § 70.26(d)(2)).

Judge Cavanaugh determined the Department of Labor "set[ ] forth a strong argument in support of the contention that the information may result in substantial harm." 11 June 1998 Opinion at 7. As a result, Judge Cavanaugh concluded the submitters of the information needed to be contacted to determine whether the information could reasonably be expected to cause substantial competitive harm. *See id.* at 8; 29 C.F.R. § 70.26(d)(2).

Judge Cavanaugh noted that the information requested by OSHA Data was requested for commercial use and was subject to the imposition of fees associated with document search, duplication and review pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(I).[5] *See* June 1998 Opinion at 9. The 11 June 1998 Opinion further determined the process of evaluating records to determine if they are confidential, and thus exempt from disclosure, fell within the definition of review costs. *See id.* at 10–11.[6] Accordingly, OSHA Data was directed to reimburse the Department of Labor for any costs associated with re-

viewing the requested information to determine if said information was exempt from disclosure. *See id.* Counts One and Two of the instant case were stayed pending such payment by OSHA Data. *See id.*

■■■■ The decision of Judge Cavanaugh was reviewed pursuant to the 29 June 1998 Notice of Appeal filed by OSHA Data. Pursuant to de novo review, it was determined that OSHA Data, as the requester of information, was properly directed to pay the costs associated with determining whether the requested information was confidential and exempt from disclosure. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(I).[7] Accordingly, the decision to stay Counts One and Two pending payment of the estimated costs of such review was not clearly erroneous or contrary to law. *See* 3 September 1998 Order; 28 U.S.C. § 636(b)(1)(A); *see also* 5 U.S.C. § 552(a)(6)(C) (authorizing stay of FOIA action if the Government can demonstrate exceptional circumstances); 5 U.S.C. § 552(a)(4)(A)(v) (authorizing agencies to require advance payment of fees).

---

**5.** 5 U.S.C. § 552(a)(4)(A)(ii)(I) provides for the imposition of "reasonable standard charges for document search, duplication, and review, when records are requested for commercial use."

**6.** Judge Cavanaugh noted 5 U.S.C. § 552(a)(4)(A)(iv) defined review costs to include "the direct costs incurred during the initial examination of a document for the purpose of determining whether the document must be disclosed ... and for purposes of withholding any portions exempt from disclosure under this section." 11 June 1998 Opinion at 10–11 (quoting 5 U.S.C. § 552(a)(4)(A)(iv)). Direct costs were defined as "those expenditures which an agency actually incurs in searching for and duplicating (and in the case of a commercial requester, reviewing) documents to respond to a FOIA request." *See id.* at 10 n. 1 (quoting 29 C.F.R. § 70.38(b)).

**7.** Judge Cavanaugh properly determined the information sought by OSHA Data was possibly confidential information, the disclosure of which could lead to substantial competitive harm. The information sought by OSHA Data could give a submitter's competitors in-

sight into the productivity, hours worked, market share and production information of the company. Such information has been held to cause competitive harm if disclosed. *See, e.g., Westinghouse Electric Corp. v. Schlesinger,* 392 F.Supp. 1246, 1249 (E.D.Va.1974), *aff'd* 542 F.2d 1190 (4th Cir.1976).

Upon determining the information sought by OSHA Data could lead to substantial competitive harm if disclosed, it was proper for Judge Cavanaugh to impose the costs of evaluating the confidentiality of the requested information upon OSHA Data. *See* 5 U.S.C. §§ 552(a)(4)(A)(ii)(I), 552(a)(4)(A)(iv); 29 C.F.R § 70.26(d)(2); 29 C.F.R. § 70.38(b); *see also Kissinger v. Reporters Committee for Freedom of the Press et al.,* 445 U.S. 136, 153–54, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980) (noting that agencies are not obligated to provide extensive services in fulfilling FOIA requests, and that when an agency provides additional services in conducting a search, the agency is clearly authorized to allocate that cost to the requester); *Carney v. United States Department of Justice,* 19 F.3d 807, 814 n. 2 (2d Cir.1994) (agency may charge commercial requester fee for document review).

The Department of Labor has moved for the dismissal of Counts One and Two of the Amended Complaint on the ground the failure of OSHA Data to pay the $1.5 million constitutes a failure to exhaust administrative remedies. *See* Cross-moving Brief at 7–8. The Department of Labor argues OSHA Data cannot be considered to have exhausted administrative remedies until fees are paid. *See* Cross-moving Brief at 8 (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 66 & n. 11, 71 (D.C.Cir.1990)).

■ As noted in the case cited by the Department of Labor, exhaustion of administrative remedies occurs either upon the payment of fees or upon appeal from the imposition of fees. *See Oglesby*, 920 F.2d at 66 & n. 11. In the instant matter, the Department of Labor did not request fees immediately upon receipt of the 24 October 1996 Request and 29 October 1996 Request. Rather, the first request for the payment of fees was made by the Department of Labor in connection with its 1 May 1998 Motion to Stay. The 29 June 1998 Notice of Appeal filed by OSHA Data sought an appeal from both the imposition of fees and the staying of Counts One and Two of the Amended Complaint. In light of the appeal, it cannot be said OSHA Data has failed to exhaust its administrative remedies by failing to pay the required fee. The Department of Labor Motion to Dismiss is denied to the extent it rests upon the failure to exhaust administrative remedies as the grounds for dismissal.

In the alternative, the Department of Labor argues it is entitled to summary judgment. *See* Cross–Moving Brief at 7–8. The Department of Labor is entitled to summary judgment only if there are no genuine issues of material fact, and it is determined the Department of Labor is entitled to judgment as a matter of law. *See* Rule 56(c); *See also Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505; *Desvi, Inc.*, 968 F.2d at 308.

In the instant case, Counts One and Two of the Amended Complaint seek to compel the Department of Labor to disclose certain information pursuant to FOIA. *See* Amended Complaint Counts One, Two. The determination as to whether the Department of Labor should be compelled to disclose the information sought by Counts One and Two cannot be made, however, until after the submitters of the requested information have contacted.

■ In the instant case, Counts One and Two were stayed pending the payment of fees related to the cost of determining whether it would be permissible to disclose the information sought by OSHA Data. Until such an evaluation is made, the propriety of the Department of Labor's failure to comply with the 24 October 1996 and 29 October 1996 Request cannot be determined. Accordingly, pending communication with the submitters of the information to determine whether the information sought by OSHA Data is exempted from disclosure, a genuine issue of material fact exists as to whether OSHA Data was entitled to the information sought; the Department of Labor Motion for Summary Judgment is denied.

In light of the fact the Department of Labor has moved to dismiss Counts One and Two of the Complaint, *see* Cross-moving Brief at 7–8, and in light of the fact OSHA Data invited a motion to dismiss these counts, *see* OSHA Data Reply Brief at 2, the Department of Labor Motion to Dismiss will be construed as a motion to dismiss based upon the express inability of OSHA Data to proceed with the causes of action set forth in Counts One and Two of the Amended Complaint.

As stated, Counts One and Two of the Amended Complaint were stayed pending the payment of the $1.5 million needed to communicate with the submitters of the requested information. This matter cannot proceed without the payment of said amount, and OSHA Data has stated it is unable pay. *See* OSHA Data Reply Brief at 2. Accordingly, the Department of Labor Motion to Dismiss is granted as to Counts One and Two of the Amended Complaint as a result of the expressed

inability of OSHA Data to pursue the relief sought therein.

## B. *Count Three of the Amended Complaint*

Count Three of the Amended Complaint concerned the failure of the Department of Labor to respond to the 12 September 1997 Request. Specifically, the 12 September 1997 Request sought records containing "all available data elements including the inspection, violation, administrative payment, hazardous substance, accident, related activity, debt, event history and optional segments for all inspection records up to and including the date of file tape creation. The requested file period of coverage [was] 30 days." 12 September 1997 Request. The Department of Labor argues Count Three of the Amended Complaint should be dismissed as moot because the records requested by OSHA Data have already been provided. *See* Cross-moving Brief at 11.

Pursuant to Article III of the United States Constitution, the Federal courts have jurisdiction only over live cases and controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–79, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Rosetti v. Shalala,* 12 F.3d 1216, 1223 (3d Cir. 1993). Article III restricts the Federal courts to "resolving 'real and substantial controversies . . ., as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *Lewis,* 494 U.S. at 477, 110 S.Ct. 1249 (quoting *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). A Federal court " 'is not empowered to decide moot questions' . . . or to declare for the government of future cases, principles or rule of law which cannot affect the result as to the thing in issue in the case before it." *Natural Resources Defense Council v. Nuclear Regulatory Comm'n,* 680 F.2d 810, 814 (D.C.Cir.1982) (quoting *California v. San Pablo & Tulare Railroad Co.,* 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 747 (1893)); *see also Rosetti,* 12 F.3d at 1223–24. "[I]f developments occurring during the course of adjudication

eliminate a plaintiff's personal stake in the outcome of a suit, then a federal court must dismiss the case as moot." *Rosetti,* 12 F.3d at 1224.

OSHA Data does not contest the fact that it has been provided with the information sought in the 12 September 1997 Request. *See generally* Moving Brief; OSHA Data Reply Brief. Rather, OSHA Data argues the relief sought in Count Three of the Amended Complaint presents a situation that is capable of repetition, yet evading review, and as such is exempted from the application of the mootness doctrine. *See* OSHA Data Reply Brief at 4–5 (citing *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Gulf Oil Corp. v. Brock,* 778 F.2d 834, 839 (D.C.Cir. 1985); *In re Wade,* 969 F.2d 241, 248 (7th Cir.1992)).

Controversies which are "capable of repetition, yet evading review" are excepted from the application of the mootness doctrine. *See Press–Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 6, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); *United States v. Simone,* 14 F.3d 833, 836 (3d Cir.1994). The "capable of repetition, yet evading review" exception is limited to matters in which "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *United States v. Criden,* 675 F.2d 550, 553 (3d Cir.1982); *see also In re Wade,* 969 F.2d 241, 248 (7th Cir.1992).

OSHA Data asserts Count Three of the Amended Complaint challenges the alleged decision of the Department of Labor to withhold the newest thirty days of records. *See* OSHA Data Reply Brief at 5. OSHA Data further asserts that in the Summer of 1997 it was informed by OSHA that requests for derived files would no longer include inspection records of establishments having one or more violations within the thirty days immediately preceding the file creation date. *See* Carmel Reply Cer-

tif. ¶ 12. The 12 September 1997 Request focused specifically on this alleged exclusionary period. *See id.*

OSHA Data argues there are, and will continue to be, quarterly requests for information contained in the derived file. *See* OSHA Data Reply Brief at 5. OSHA Data further argues that because the Department of Labor has not stated it will cease the practice of withholding the thirty day data, there is a reasonable expectation OSHA Data "will be subject to the same action." *See id.* Accordingly, OSHA Data asserts Count Three is not moot.

OSHA Data, however, has failed to demonstrate that any of its future information requests will be denied as a result of the operation of the alleged thirty day exclusionary period. OSHA Data asserts that it was informed by an employee of OSHA that the most recent thirty days of information would not be released. *See* Carmel Reply Certif. ¶ 12. OSHA Data, however, has not presented any further proof that such a policy exists. In its answer to the Amended Complaint, the Department of Labor denied having sufficient information with which to form a belief as to the existence of the alleged exclusionary policy.[8] *See* Answer at Count Three ¶ 9. Further, OSHA Data has not presented any facts from which it could be concluded the alleged exclusionary policy was the reason the information sought by the 12 September 1997 Request was not provided. *See, e.g.,* Amended Complaint Count Three ¶ 11 (noting only that OSHA did not provide any response to the 12 September 1997 Request).

OSHA Data commenced this matter on 22 January 1998. Since the commencement of this matter and the filing of the OSHA Data Motion for Summary Judgment, several quarters have passed. No argument has been presented by OSHA Data to suggest that any of the intervening quarterly requests for information were impacted by the operation of the alleged thirty day exclusionary policy.[9] Accordingly, it cannot be concluded that there is reasonable expectation OSHA Data will be subjected to the exclusionary period alleged in Count Three.

■ As mentioned, the information sought in the 12 September 1997 Request has since been provided to OSHA Data. In addition, the Department of Labor asserts it has continued to provide OSHA Data with quarterly updates to the IMIS. *See* Cross-moving Brief at 5. OSHA Data has not contended quarterly requests for information submitted after the commencement of the instant action were affected by the operation of the alleged thirty day exclusionary rule. These factors, combined with the failure of OSHA Data to provide proof the 12 September 1997 Request itself was denied by operation of the alleged thirty day exclusionary policy, compel the conclusion Count Three of the Amended Complaint is moot. *See Criden,* 675 F.2d at 553 (requiring there be proof of a reasonable expectation the same complaining party would be subjected to the same action in order for a cause of action to be excepted from application of the mootness doctrine). Accordingly, the Department of Labor Motion to Dismiss is granted. As a

8. In its submissions concerning the pending motions, the Department of Labor has failed to address the existence, or non-existence, of the alleged thirty day exclusionary policy. In addition, the Department of Labor has not offered any explanation as to why it chose not to address an issue that is central to the determination of the pending motions. The submissions from the Department of Labor were not particularly helpful with regard to the pending motions.

9. OSHA Data argues, in the OSHA Data Reply Brief, the fact there are, and will continue

to be quarterly requests, demonstrates there is a reasonable expectation OSHA Data will be subjected to the operation of the alleged thirty day exclusionary policy. OSHA Data, however, has not submitted any information concerning the effect the alleged thirty day exclusionary policy had on those quarterly requests submitted to OSHA during the pendency of this action. Such information would have aided in the disposition of this matter. The submissions from OSHA Data were not particularly helpful with respect to the pending motions.

result, the OSHA Data Motion for Summary Judgment is denied.

### C. *Count Four of the Amended Complaint*

As stated, Count Four of the Amended Complaint requests the Department of Labor be compelled to provide the records sought by the 2 June 1997 Request. The Department of Labor argues OSHA Data has been provided with this information and Count Four should be dismissed as moot. *See id.*

OSHA Data concedes Count Four should be dismissed as moot. *See* OSHA Data Reply Brief at 5. OSHA Data, however, asserts that "although the claim should properly be dismissed on mootness grounds, [OSHA Data] has 'substantially prevailed' ... and should be entitled to be heard on litigation expenses." *Id.* In light of the statements of OSHA Data, Count Four of the Amended Complaint is dismissed as moot and the OSHA Data Motion for Summary Judgment is denied; the entitlement of OSHA Data to attorneys' fees and costs is discussed below.

### D. *Request for Leave to Apply for Attorneys' Fees*

OSHA Data has not applied for an award of attorneys' fees and costs in connection with the OSHA Data Motion for Summary Judgment, but rather requests it be granted leave to apply for attorneys' fees.[10] *See* Moving Brief at 8. FOIA provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E).

OSHA Data argues that even if Counts Three and Four of the Amended Complaint are found to be moot, it is still entitled to recover attorneys' fees. *See* OSHA Data Reply Brief at 5. OSHA Data

asserts "although the claim should properly be dismissed on mootness grounds, Plaintiff has, nonetheless 'substantially prevailed' (within the meaning of FOIA) and should be entitled to be heard on litigation expenses." *Id.* (citing Freedom of Information Act Guide & Privacy Act overview, September 1997 Ed., at 482–83 ("Of course, a claim for attorneys fees or costs survives dismissal of a FOIA action for mootness.")).

Neither OSHA Data nor the Department of Labor has addressed the merits concerning the entitlement of OSHA Data to recover attorneys' fees and costs, apparently leaving discussion of the issue until such time as OSHA Data files a formal request for such fees. While review of the Amended Complaint and the papers submitted in connection with the pending motions do not appear to suggest the filing of the instant caused the production of the requested materials, OSHA Data is entitled to file a request for fees in light of the fact the requested information was not provided until after the instant action was filed. Any decision on the merits of this issue, however, will be reserved until such time as a properly supported application is submitted.

### *Conclusion*

For the reasons stated, Counts One and Two of the Amended Complaint are dismissed due to the expressed inability of OSHA Data to pursue the relief sought therein, and Counts Three and Four of the Amended Complaint are dismissed as moot; the OSHA Data Motion for Summary Judgment is denied.

---

10. The Notice of Motion for Summary Judgment filed by OSHA Data specifically states OSHA Data is not moving for judgment on its

request for attorneys' fees. *See* OSHA Data Notice of Motion for Summary Judgment.